In Re ALBERT SIDWELL et al., Appellants, v. GEORGE W. JETT.

Division Two, July 14, 1908.

1. **PRACTICE: Amendment of Record: Public Road: Untimely Appeal: Amendment in Supreme Court.** The Supreme Court will not permit appellant to correct the record of the county court filed in the circuit court, so as to show that his appeal from the order of the county court establishing a public road was taken within the ten days permitted by statute. To amend the record in that way, where the appeal to the Supreme Court is from the judgment of the circuit court, would be to present matter to the Supreme Court which was not before the circuit court and might present for adjudication a wholly different case from that which was before the circuit court when it rendered its judgment.

2. **PUBLIC ROAD: Untimely Appeal: No Jurisdiction.** The circuit court has no jurisdiction of a proceeding to establish a public road, unless an appeal is taken from the order of the county court within ten days after the judgment of the county court establishing the road, etc. The county court has original jurisdiction of the proceeding, and the circuit court can obtain jurisdiction only by an appeal taken within ten days.

3. ————: ————: ————: **Appearance: Waiver.** Nor does the fact that the petitioners for the road appear in the circuit court in response to a defendant's appeal waive the matter of jurisdiction where the appeal was not taken with the time allowed by statute. The circuit court has no jurisdiction over the subject-matter unless the appeal is taken within such time.

4. ————: ————: ————: **Dismissal.** Where the circuit court had no jurisdiction over the appeal from the order of the county court establishing a public road, for that the appeal was not taken within the time allowed by statute, its judgment dismissing the petition and quashing the proceedings of the county court is without authority of law.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED.

*J. E. Thompson* for appellants.

The county court made the order opening the road February 15, 1904. Jett filed his affidavit and took his appeal from the order May 2, 1904, seventy-six days thereafter. The appeal was not taken within proper time. Secs. 1788, 4060, R. S. 1899; St. Louis v. Gunning Co., 138 Mo. 355; Robinson v. Walker, 45 Mo. 117; Kelm v. Hunkler, 49 Mo. App. 664; Moulder & Simpson v. Anderson, 63 Mo. App. 34; Devore v. Staeckler, 49 Mo. App. 547. County courts have exclusive original jurisdiction of road cases. The circuit court has only appellate jurisdiction. The appeal in this case not having been taken in the ten days prescribed by statute, the circuit court acquired no jurisdiction of the subject-matter, and neither has this court jurisdiction of the subject-matter, wherefore Jett's appeal from the county court should be dismissed.

*J. H. Blair* for respondent.

The appeal from the county court was taken within the time required by law. While the transcript of the proceedings in that court states that the judgment establishing the road (if it can be considered to have that effect) was rendered on February 15, 1904, yet the preceding entry shows that on February 6, 1904, the cause was continued to "Tuesday, February 15, 1904," and by consulting the calendar, it will be found that the 15th day of no months of that year fell on Tuesday— except the months of March and November. The transcript was filed in the circuit court May 25, 1904, so on the face of the record it is apparent that the date "February 15th, 1904" appearing in said transcript is an

error or misprision on the part of the county clerk. In fact, the records of the county court state that said judgment was rendered March 15, 1904. Respondent has heretofore filed in this court a motion, accompanied with a true, correct and certified copy of said judgment entry and the date thereof, and the certificate of Lem T. Patterson, the then clerk of said county court, showing such to be the fact, and asking that he be permitted, under the provisions of sections 670, 672 and 673, Revised Statutes 1899, to amend his said return of said transcript in that particular. Blaisdale v. Steamboat, 19 Mo. 158; Weil v. Simmons, 66 Mo. 617; Holtschneider v. Railroad, 107 Mo. App. 381. While the record of the county court, as contained in the bill of exceptions, states that the affidavit for an appeal and appeal bond were filed in that court May 2, 1904, in fact, they were so filed March 24, 1904, and within ten days after the rendition of said judgment, and were, together with the transcript and appeal, returned to and filed with the clerk of the circuit court May 25, 1904, by the county clerk. It is sufficient if jurisdiction appears from the entire record of the proceedings, and may be shown by the papers or cause of action. Sutton v. Cole, 155 Mo. 206; Curtis v. Tyler, 107 Mo. App. 345. Where there is a conflict between the recitals in the bill of exceptions and the record proper, the latter must and does control. Ricketts v. Hart, 150 Mo. 64. So the record establishes that the appeal was taken in time, under the provision of section 4066, Revised Statutes 1899, which applies to road cases. Williams v. Kirby, 169 Mo. 629.

GANTT, J.—This is an appeal from a judgment of the circuit court of Pike county dismissing a proceeding to establish a public road in said county.

The proceeding began by the posting of notices of the presentation of the petition for said road as

required by statute. Afterwards on February 2, 1903, the petition signed by Albert Sidwell, William Baker and twenty-three other resident freeholders of Buffalo and Quivre townships was presented to the county court and proof of the posting of the notices made. No remonstrance was filed and the county court, after hearing the evidence as to the utility of the road, made its order that the county surveyor and *ex-officio* road commissioner, mark out, view and survey the proposed road and make his report at the next term of court. At the succeeding May term, 1903, the commissioner made his report, from and by which it appeared that he had obtained the right of way for the road from all the land-owners except Mrs. Carr, Misses Bailey and Alton Walker, whereupon the court appointed W. T. Farmer, J. R. S. McCune and John Hendrick, three disinterested freeholders of said county, to view the premises, hear complaints and assess the damages. At the August term, 1903, the record of the county court recites that: "The commissioners herein, namely, John W. Hendrick, J. R. S. McCune and R. H. Tinker, appointed to view and assess the damages to property-owners over whose land said proposed road will run, made and filed with the clerk of this court a report of their proceedings, and it further appearing that said report has become lost or misplaced, it is ordered that said commissioners make out and file *instanter* a duplicate of said report to supply and take the place of said last report, and now comes two of the commissioners, J. R. S. McCune and R. H. Tinker, and file a report, which the court find is a duplicate report of the one filed by said commissioners on the —— day of June, 1903, and it is ordered by the court that said duplicate be taken and held and considered as the original report of said commissioners, from which said report it appears that said commissioners assess damages to Maggie Bailey and Lucy Bailey in the sum of

$85, and that no damages were assessed to George W. Jett, Mrs. Carr, and Alton Walker, and now comes the said George W. Jett and Maggie and Lucy Bailey by their respective attorneys and leave is given them to file exceptions and objections to said report on or before the third day of the next regular term of the court, to which this cause is continued." At the November term, said George W. Jett and Maggie and Lucy Bailey filed their motion to dismiss the cause for the reason that the road as surveyed and located passes over the lands of E. A. Morris and Susan McKinney; that they have not been made parties, the petition not giving them as owners of land over which the road is asked to be established, nor have they relinquished the right of way. And thereupon the cause was continued until February 15th, 1904, at which time said motion was by the court overruled and the road was ordered opened and the petitioners given until the first day of the May term, 1904, to pay the damages assessed. The transcript from the county court certified by the county clerk to the circuit court recites that the order overruling the motion to dismiss and directing the road to be opened was entered on the 15th of February, 1904, and that afterwards on the 2nd day of May, 1904, George W. Jett filed his affidavit in the county court for an appeal to the circuit court and an appeal was granted to the circuit court on said date. After the case reached the circuit court the petitioners filed their motion asking the circuit court to dismiss the appeal on the ground, first, that the circuit court had no jurisdiction of said appeal; second, because the statute does not provide for nor authorize the admitted appeal of the said Jett; third, because no remonstrance was ever presented or filed in the Pike county court, and under the law, an appeal is only allowed from an order opening a road to remonstrators, who had first filed and presented a legal remon-

strance at the legal time; and, fourth, because in this class of cases no right of appeal lies in appellants from the county court, which motion was by the circuit court overruled at the June term, 1904. At the June term, 1904, the cause was heard *de novo* and the circuit court dismissed the petition and proceedings. Thereupon petitioners within due time filed a motion for new trial, which was overruled and petitioners appealed to this court. Other facts will be noted in the further disposition of the case.

I. Preliminary to the disposition of the cause, a motion has been filed by the respondent for permission to correct the record of the county court filed in the circuit court, so as to show an error in the date of the judgment of the county court ordering the road opened. In this application it is stated that while the transcript from the county clerk to the circuit court showed the said order to have been made on February 15th, 1904, as a matter of fact the judgment was not entered on that date and no such entry appears of record in said court as of February 15, 1904, but the entry of said judgment does appear on the records of said county court as of March 15, 1904. Wherefore, respondent moves this court that the said transcript may be amended in so far as the date of the rendition of said judgment is concerned. In support of this application, the respondent files in this court a duly certified copy of the record of the county court of Pike county by the present clerk of the said court showing that said entry does appear on the proceedings of March 15, 1904, and also a certificate from Lem T. Patterson, who was the clerk of the county court of Pike county during the years of 1903 and 1904, in which he states that the recital that said order was made on February 15, 1904, was a clerical mistake by himself, and that as a matter of fact, the order was made and entered of record on the 15th of March, 1904. He

also certifies that while the transcript from the county court to the circuit court shows that the respondents took an appeal on May 2, 1904, as a matter of fact, the affidavit for the appeal and the appeal bond where each filed by him as clerk of the county court on the 24th of March, 1904, and that his file mark upon such papers shows they were filed on March 24, 1904. The petitioners object to the correcting of said record on the ground that the same should have been corrected while the cause was still in the circuit court, if said alleged defect and error in fact existed therein. The significance of this motion to amend the dates on which the final judgment was entered in the county court, and the appeal taken therefrom, appears from the brief of the petitioners filed in this court in which they ask this court to hold that the circuit court had no jurisdiction of the appeal from the county court, for the reason that the said appeal was not taken in the time prescribed by the statute. As the transcript now appears the judgment of the county court ordering the road opened was rendered on February 15, 1904, and the appeal was not taken until the 2nd day of May, 1904, seventy-two days after the rendition of the said judgment, and of course not within the time, to-wit, ten days, allowed by the statute. Respondent in his application for this amendment shows to the court that he was not informed of this mistake as to the date of the record entry until appellants' abstract of the record was served on him just before the commencement of this term of court. That immediately upon learning of the said error in the said dates he gave the appellants notice of his intention to apply to the county court to amend its record entry *nunc pro tunc* and make the entries of the filing of said affidavit and bond conform to the facts as shown by the endorsement on the same by the clerk of the said court; that said application in the county court was overruled.

While the appellants in this court, the petitioners in the county court, moved the circuit court to dismiss Jett's appeal on the ground that the circuit court had no jurisdiction of the said appeal, they did not specify that the appeal had not been taken within ten days after the final order of the county court to open the road, but did specify other grounds.

The motion to delay this appeal until mandatory proceedings can be instituted by the respondent against the county court of Pike county to amend its record in the road case, out of which this appeal has grown, we think ought not to be sustained. This appeal is from the judgment of the circuit court upon the record that was before that court and should mandatory steps be taken and the county court records amended so as to conform to the facts as asserted by respondent, it is evident that if such amended record should be filed in this court, it would present matter which was not before the circuit court and upon which it had no opportunity to pass, and might present a wholly different case from that which appeared to the circuit court when it rendered its judgment. We are not disposed to encourage any such extraordinary practice and the motion is overruled.

II. The first proposition presented by the appellants in this court is that the circuit court had no jurisdiction of the appeal in this case, because the said appeal from the county court was not taken in the ten days allowed by the statute. Section 1788, Revised Statutes 1899, provides: "In all cases of appeal from the final determination of any case in a county court, such appeal shall be prosecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from justices of the peace to circuit courts, and when any case shall be removed into a court of appellate jurisdiction by appeal from a county court, such appellate court shall thereupon

be possessed of such cause, and shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court, without regarding any error, defect or informality in the proceedings of the county court." [Fisher v. Anderson, 101 Mo. 459.] The county court had original jurisdiction of this proceeding to establish the public road and the circuit court had jurisdiction of such a proceeding only by appeal from the county court and by the provision above noted. The law governing the taking of appeals from the county court to the circuit court is the same as that provided for appeals from justices. By section 4060, Revised Statutes 1899, "no appeal shall be allowed in any case unless the following requisites be complied with: First, the appeal must be within ten days after the judgment was rendered." It is apparent on the face of the record before us that this appeal was not taken until May 2nd, 1904, and even if the judgment was rendered on the 15th of March, as contended by the respondent, it was not taken within the ten days prescribed by the statute.

The only serious question under this state of the case is the effect of the appearance of the petitioners in the circuit court. As said by this court in Robinson v. Walker, 45 Mo. l. c. 120, "It has often been held that the appearance of a party by joining issue, or by any other action that shall indicate an intention to prosecute or defend the suit upon the merits, shall be deemed a waiver of a defect in the process or notice under which the appearance is had. But in every case of this kind the court had jurisdiction of the subject-matter, and it might with reason be said that a voluntary appearance is well enough. But the circuit court has no jurisdiction of a matter already decided on in another court, and especially in actions of forcible entry and

detainer exclusively cognizable before a justice of the peace, unless it is brought into court under the statute and according to its provisions; and when it has no jurisdiction, the consent of the parties cannot give it. [Bernicker v. Miller, 37 Mo. 498, and other cases cited.]'' The decision in Robinson v. Walker, supra, was cited with approval and followed in St. Louis v. Gunning Co., 138 Mo. l. c. 355, in which it was added that the appearance of both parties in the appellate court would not give jurisdiction in such a case, as the court had no jurisdiction of the subject-matter of that case. In Robinson v. Walker, supra, both parties appeared in the circuit court and the case had been twice continued at the instance of the plaintiff before he moved to dismiss the appeal because it had not been taken within the time prescribed by the law and the transcript filed in the office of the circuit clerk in accordance with the statute. In this case the county court had exclusive original jurisdiction of this proceeding to establish this road. And the circuit court could only acquire jurisdiction on the subject-matter by an appeal taken within the time and in the manner prescribed by the statute. It is not a question of mere failure to give notice and a waiver thereof, but the jurisdiction of the circuit court depended upon the taking of the appeal within the time specified by law. We can discover no distinction on principle between the jurisdiction obtained by the circuit court in this case on appeal from the judgment of the county court, and the jurisdiction obtained by the circuit court on an appeal from the justice of the peace in forcible entry and detainer cases. In each case the original jurisdiction is in the justice or the county court and the circuit court has no jurisdiction of the subject-matter of the suit except by appeal in the manner pointed out by the statute. This being so it seems to us there

can be no question that upon the record before us the circuit court has no jurisdiction of this case.

As the circuit court had no jurisdiction of the appeal, its judgment dismissing the petition and quashing the proceedings in the county court was without authority of law and must be and is reversed.

*Fox, P. J.*, and *Burgess, J.*, concur.