[Civ. No. 780.   First Appellate District.—January 7, 1910.]

JACOB STEHLIN, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF SANTA CRUZ, etc., Respondent.

WRIT OF REVIEW—JURISDICTION OF APPEAL FROM JUSTICE'S COURT—NONSUIT—APPEAL ON QUESTIONS OF LAW AND FACT—JUDGMENT UPON TRIAL DE NOVO.—A writ of review will not lie to annul a judgment of the superior court rendered against the petitioner therefor, after a trial *de novo*, in the superior court upon appeal from the justice's court, taken on questions of law and fact, without any statement of the case, after a judgment of nonsuit ren-

dered in the court below, the character of which judgment was in no way presented to the superior court.

ID.—MODE OF LIMITING JURISDICTION TO QUESTION OF LAW.—The only mode in which the jurisdiction of the superior court could be limited solely to the question of law as to the propriety of the judgment for nonsuit was to present that question upon a statement of the case.

ID.—QUESTIONS NOT CONSIDERED COLLATERALLY ON WRIT OF REVIEW.— As to the questions of law that might have been raised upon the appeal, and the proper rulings thereon, or as to the failure of appellant to prepare and have settled a statement of the case, such questions cannot be considered in the collateral proceeding for a writ of review.

ID.—JURISDICTION OF COURT—SUBMISSION OF CONTROVERSY—ESTOPPEL. The superior court had jurisdiction of the appeal as taken, both of the parties and of the subject matter, when the petitioner voluntarily appeared and submitted the whole controversy to the superior court, and he will not be heard after such submission, and after an adverse decision against him, for the first time upon his application for a writ of review, to question the power of that court to determine the very question which he had invited it to determine.

ID.—WRIT NOT PERMISSIBLE TO ENCOURAGE WRONG COURSE.—*Held*, that to allow the writ to issue under the circumstances of this case would be to encourage an utter disregard of the due and orderly proceedings in courts of justice.

PETITION for writ of review to annul a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Wyckoff & Gardner, for Petitioner.

THE COURT.—This is an application for a writ of review, to annul a judgment of the superior court of Santa Cruz county, given and made upon an appeal from the justice's court.

It appears that upon the trial in the justice's court, the justice of the peace, upon motion of the defendant in the case, granted a nonsuit. The plaintiff appealed to the superior court on questions of both law and fact, but did not prepare or have settled any statement of the case. The claim is now made that the superior court had no jurisdiction except to try

a simple question of law, as to whether or not the justice's court erred in granting the nonsuit. It may be conceded that this is true, provided the petitioner had properly raised the question and insisted upon his right in the trial court. However, instead of doing so he appeared in said court, and consented to the case being set down for trial, and at the trial he appeared with his witnesses, and the case was tried anew in the superior court. Petitioner in no way even suggested the question he now attempts to raise to the trial court. Such court had jurisdiction of the parties and of the subject matter. As to the questions of law that might have been raised, and the proper rulings thereon, or as to the failure of the appellant to prepare and have settled a statement, they cannot be considered in this collateral proceeding. The petitioner voluntarily appeared and submitted the whole controversy to the superior court, and after such submission, and after a decision against him, he will not now for the first time be heard to question the power of the trial court to determine the very question which he had invited the court to determine. (*De Jarnett* v. *Marquez,* 132 Cal. 700, [64 Pac. 1090], and cases cited; *Hart* v. *Carnell-Hopkins Co.,* 103 Cal. 133, [37 Pac. 196].) To allow the writ to issue under the circumstances of this case would be to encourage an utter disregard of the due and orderly proceedings in courts of justice.

The writ is denied.