## DEVLIN v. DISTRICT COURT OF WEBER COUNTY.

No. 3317.   Decided Jan. 6, 1919.   (178 Pac. 73.)

1. COURTS—MUNICIPAL COURTS—APPEAL—NOTICE OF APPEAL—TIME
   FOR FILING.  An appeal must be taken from a judgment of a munici-
   pal court by serving and filing notice of appeal within thirty days
   from service of notice in writing upon the adverse party of the entry
   of judgment.[1]   (Page 210.)

2. COURTS—MUNICIPAL COURTS—APPEAL—TIME FOR FILING NOTICE—
   WAIVER OF DEFECT.  Plaintiff having had adverse judgment in mu-
   nicipal court upon cause of action of which district court had con-
   current jurisdiction, defendant waived defect of failure to serve and
   file notice of appeal within thirty days after he served notice of
   judgment by his failure to raise objection and by going to trial on
   the merits in the district court.[2]   (Page 212.)

3. COURTS—JURISDICTION—SUBJECT-MATTER.  It is elementary that
   jurisdiction of the subject-matter cannot be conferred by consent
   of the parties.   (Page 212.)

Original proceedings by writ of certiorari by Mike Devlin
to review an order of the district court of Weber County re-
fusing to annul and set aside a judgment in an action by
Frances Hawkins against Mike Devlin.

PROCEEDINGS DISMISSED.

*R. H. Baumunk* for plaintiff.

*R. S. Farnsworth* for respondent.

FRICK, C. J.

The plaintiff filed an original application in this court in
which he prayed for a writ of certiorari against the district
court of Weber County.  Such writ was duly issued, and the
parties have appeared in this court.

---

[1] *Greenwood* v. *Bramel*, 54 Utah, 1, 174 Pac. 637.

[2] *Burt & Carlquist Co.* v. *Marks*, 53 Utah, 77, 177 Pac. 224.

The facts, briefly stated, all of which are admitted, are these:

On·June 6, 1916, one Frances Hawkins commenced an action in the municipal court of Ogden City, Utah, against the plaintiff herein. The plaintiff, who was defendant in that action, filed an answer to the complaint, and also set up a counterclaim against said Frances Hawkins in said action. Such proceedings were thereafter had in that action that on December 7, 1916, the municipal court disallowed the counterclaim, and also denied said Frances Hawkins any relief upon her complaint, and entered judgment dismissing said action. On December 8, 1916, pursuant to our statute, the plaintiff in this action served notice in writing on said Frances Hawkins of the entry of said judgment. On January 8, 1917, thirty-one days after the service of said notice of the entry of judgment, said Frances Hawkins served notice on the plaintiff herein that she intended to and would appeal from said judgment of dismissal to the district court of Weber County, and she thereafter duly perfected her said appeal in said court, and filed an amended complaint in said action in said court. The plaintiff herein appeared in the district court aforesaid, and filed a general demurrer to the amended complaint, and issues were thereafter duly joined, and a trial of the issues was had in said district court, which resulted in a judgment in favor of said Frances Hawkins and against the plaintiff herein. On November 8, 1918, the plaintiff herein filed a motion to vacate and set aside said judgment against him upon the ground that the appeal in said action was ·not taken until after the expiration of thirty days, thirty days being the period of time fixed by our statute within which appeals must be taken from judgments entered in municipal courts to the district court. The district court denied said motion and refused to set aside said judgment. This proceeding is instituted, therefore, for the purpose of annulling the action of the district court in refusing to set aside said judgment.

The ground upon which this application is based is that the district court was without jurisdiction to hear and deter-

mine said appeal, and hence the judgment entered therein is void and of no force or effect.

The only question for determination on this application is, did the district court have jurisdiction of said appeal or did it exceed its jurisdiction in entering a judgment therein?

There is no doubt that under our statute an appeal must be taken from a judgment of a justice of the peace or municipal court by serving and filing a notice of appeal within thirty days from the service of a notice in writing upon the adverse party of the entry of judgment. This court has very recently held (*Greenwood* v. *Bramel*, 54 Utah, 1, 174 Pac. 637) that when the notice of appeal is not served and filed within that time the district court is without power to entertain the appeal over the objection of the adverse party. Such has been the uniform holding of this court. Counsel for plaintiff in this proceeding relies on that case, and insists that in view that the notice of appeal in the action aforesaid was not served and filed within thirty days after the service of notice of entry of judgment, therefore the district court was without jurisdiction, and any action it took in said appeal is void and of no force or effect. Counsel also cites and relies on the following cases, which he contends sustain his contention: *Mitts* v. *Smith*, 60 Pac. 822; *McCarthy* v. *Holden*, 54 Kan. 313, 38 Pac. 261; *Slattery* v. *Robinson*, 7 Colo. App. 22, 42 Pac. 179; *Board of Com'rs* v. *Stone*, 11 Colo. App. 476, 53 Pac. 616; *Plunkett* v. *Evans*, 2 S. D. 434, 50 N. W. 961; *Sidwell* v. *Jett*, 213 Mo. 601, 112 S. W. 56; *Robinson* v. *Walker*, 45 Mo. 117. In the foregoing cases it is held that where an appellate court can acquire jurisdiction over the subject-matter of the controversy only through an appeal, then, in case an appeal is not taken within the time fixed by statute, the appellate court acquires no jurisdiction, and that jurisdiction cannot be conferred by consent under such circumstances or by waiver. It is, however, quite generally held that where the court to which the appeal is taken has concurrent jurisdiction of the subject-matter involved in the appeal with the court in which the judgment appealed from is entered, then, while an appeal which is not taken within the time required by statute must

be dismissed in case the adverse party makes proper and timely objection that the appeal was not taken in time, yet if under such circumstances the adverse party fails to object and appears in the appellate court and joins issue, and a trial is had upon the merits, and judgment is duly entered, then the objection that the appeal was not taken in time comes too late, and the adverse party by his acts and conduct will be held to have waived the defect, and the judgment entered in the appellate court will not for that reason be held invalid.   Such in effect is the ruling in the following cases: *Mackey* v. *Briggs,* 16 Colo. 143, 26 Pac. 131; *Las Animas County* v. *Stone,* 11 Colo. App. 476, 53 Pac. 616; *Jarrett* v. *Phillips,* 90 Ill. 237; *Cromwell* v. *Baty,* 43 Ind. 357; *Smith* v. *Mayberry,* 61 Ark. 515, 33 S. W. 1068; *Lee* v. *Parrett,* 25 Minn. 128; *O'Neal* v. *Blessing,* 34 Ohio St. 33; *Wrolson* v. *Anderson,* 53 Minn. 508, 55 N. W. 597.   See, also, 24 Cyc. 643, where the rule is stated in the following words:

"While it has been held that, where the justice of the peace had no jurisdiction of the subject-matter of an action, the parties cannot confer jurisdiction on the appellate court by consent, the better view seems to be that, where the appellate court has original as well as appellate jurisdiction of the cause, jurisdiction of both the subject-matter and the person may be conferred upon it by waiver or consent."

In *Lee v. Parrett,* supra, the Supreme Court of Minnesota, in passing upon the question now under consideration, in the course of the opinion said:

"Whether the objection to the jurisdiction of the justice would have been valid or not, if it had been seasonably and properly taken, we need not inquire.   No objection appears to have been taken to the jurisdiction of the district court until the case reached this court.   The case was one of which the district court could acquire complete jurisdiction by the voluntary appearance of the parties and their voluntary submission of the matters in controversy between them to its adjudication.   That is precisely what was done in this case, and the effect was to confer upon the district court complete jurisdiction to render the judgment appealed from."

In *Mackey* v. *Briggs,* supra, where a like question was being considered, the justice writing the opinion said:

"It is urged, and apparently with some degree of confidence, that the acquirement of jurisdiction by the district court, through the appeal,

must regularly appear, and that without it that court would be entirely without jurisdiction to hear and determine the cause. However true this principle might be when applied to courts having an exclusive appellate jurisdiction, it is inapplicable to the determination of the jurisdiction of the district court when a case is brought there upon appeal from the county court. The district courts of this state are courts of general jurisdiction, and, as is apparent from the record, that court, sitting in Gilpin County, had jurisdiction both of the subject-matter of the suit and of the parties to the action. When the case was brought to the district court, the parties appeared in person and by counsel, and the case was tried to a jury without objection from the defendant. Under these circumstances he cannot be heard to complain. This court has decided that wherever the appellate court has original jurisdiction of the subject-matter, and the parties voluntarily appear and go to trial on the merits without· exception, their conduct amounts to a waiver of the objection, and they cannot afterwards object. *Todd* v. *De la Mott,* 9 Colo. 222 [11 Pac. 90].''

The foregoing excerpts clearly indicate the trend of the decisions, and hence we refrain from quoting further from the cases.

Under our statute the district courts to which appeals must be taken from all inferior courts are courts of general jurisdiction, and thus have concurrent subject-matter jurisdiction with all inferior courts. The case in which the judgment was rendered which is in question here in the municipal court, and which was appealed to the district court, could thus have been commenced in the district court and there tried and determined. That being so, the parties could certainly consent to try it in that court, and by going to trial upon the merits it is too late after judgment to make the objection that the appeal was not taken in time. The district court had jurisdiction of the subject-matter involved in the appeal, and hence we do not have a case where jurisdiction of the subject-matter was attempted to be conferred by consent. It is elementary, and to that effect are all the cases cited by plaintiff's counsel, subject-matter jurisdiction is the creature of law, and cannot be conferred by consent of parties; but those cases do not hold that, where the court is clothed with subject-matter jurisdiction independently of the appeal, the appeal, although irregular or taken out of time, cannot be heard by consent of the parties, or that the objec-

tion may not be waived by acts or conduct. That the district courts of this state have concurrent jurisdiction .with all of our inferior courts has in a very recent case been held by this court. *Burt & Carlquist Co.* v. *Marks,* 53 Utah, 77, 177 Pac. 224.

In .view of the authorities, we feel constrained to hold, therefore, that the plaintiff in this proceeding, in appearing and trying the appeal in the district court of Weber County, waived his right to object that the appeal was not taken in time, and that the said court had jurisdiction of the subject-matter involved in the appeal, and of the parties, and that the judgment entered on said appeal cannot now be assailed upon the ground stated in the application.

The proceedings are dismissed at plaintiff's costs.

CORFMAN, THURMAN, and GIDEON, JJ., concur.

McCARTY, J., having died before submission of this cause, did not participate.