ILLINOIS GLASS COMPANY, a Corporation, Appellant, v. CHARLES W. INGRAHAM, F. W. WOOLWORTH COMPANY, a Corporation, Garnishee, and S. S. KRESGE COMPANY, a Corporation, Garnishee, Respondents.*

St. Louis Court of Appeals. Opinion Filed June 20, 1924.

1. **JUSTICES OF THE PEACE: Motion in Circuit Court for Rule to Amend Transcript: Motion Denied: Evidence: Insufficient to Base Error.** Where, on motion in the circuit court for a rule to amend the transcript of a justice of the peace, plaintiff did not put a witness on the stand, or in any other manner competently seek to identify the docket of the justice kept in accordance with section 2727, Revised Statutes 1919, or to show its contents or its silence as to the matters involved, nothing arises in the record on which error of the court below in denying the motion may be predicated.

2. ————: **Docket: Evidence: Parol Evidence Inadmissible to Contradict or Impeach Docket.** Justice courts are not courts of record, and while proceedings before a justice of the peace may be shown by the papers or cause of action on file, or by the officers of the court, and while it may be shown that proceedings are not entered in books, or that the docket is silent as to such matters, or that an ambiguity exists which may be explained, yet, where the docket required to be kept by section 2727, Revised Statutes 1919, speaks, parole evidence is not admissible to contradict, explain away, or vary or impeach it.

3. **EVIDENCE: Admissions: Judicial Admissions: Attorney and Client: Admission by Attorney Binding on Client.** Where, during the hearing of defendant's motion to vacate a default judgment, quash the execution and dismiss the appeal as not taken within time, under section 2891, Revised Statutes 1919, plaintiff's counsel stated that it was admitted that plaintiff was a resident of the

city of St. Louis where the suit was brought at the times involved in the case, it was a judicial admission and plaintiff was bound thereby.

4. **JUSTICES OF THE PEACE:** Appeals: Jurisdiction: Appeal Not Taken Within Ten Days: Circuit Court Without Jurisdiction: Not Waived by Appearance. Where an appeal from a judgment in the justice court was not taken within ten days as required by section 2891, Revised Statutes 1919, the circuit court did not acquire jurisdiction, and such lack of jurisdiction was not waived by appearance.

5. ———: ———: ———: ———: Judgments: Motion to Vacate Default Judgment and Dismiss Appeal in Circuit Court: Proper Procedure. Where on plaintiff's appeal to the circuit court from a judgment for defendant in the justice court, default judgment was rendered for plaintiff, although the circuit court was without jurisdiction because the appeal was not taken in time, under section 2891, Revised Statutes 1919, *held* that defendant's motion to vacate the judgment, quash the execution and dismiss the appeal, was proper procedure.

*Headnote 1. Justices of the Peace, 24 Cyc, p. 709; 2. Evidence, 22 C. J., section 1390; 3. Attorney and Client, 6 C. J., section 157; 4. Justices of the Peace, 24 Cyc, p. 662; 5. Justices of the Peace, 24 Cyc, p. 757.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Robert W. Hall,* Judge.

AFFIRMED.

*Joseph F. Dixon* for appellant.

(1) A court has no authority to vacate its judgment after the term at which it was rendered. Ashley v. Glasgow, 7 Mo. 320; Sowers v. Ingram, 74 Mo. 193; Head v. Randolph, 83 Mo. App. 284. (2) Where the proceedings are regular, however erroneous, the power of the court ceases with the term. Harbor v. Pacific R. Co., 32 Mo. 423. (3) A motion to vacate a judgment for irregularities stands on the same footing as an original petition and is amenable to the same tests. Scott v. Rees, 253 S. W. 998. (4) Where the record of a court of general juris-

diction is silent as to a jurisdictional fact, the existence of such fact will be presumed. State ex rel. v. Gill & Sons, 220 S. W. 978. (5) A judgment rendered at a former term will not be reopened at a subsequent term for the purpose of trying a question of fact which might and should have been brought to the attention of the court at the time the judgment was rendered. (6) The trial court abused its discretion in refusing to allow plaintiff to show the erroneous character of the transcript and the actual date of the rendition of the judgment by the Justice.

*Frank M. Slater* and *Earl M. Pirkey* for respondent.

(1) The question of jurisdiction may be raised by motion after judgment. The court of its own motion may raise the question. State ex rel. Kelly v. Trimble, 297 Mo. 124. (2) The question of jurisdiction cannot be waived by entry of appearance or express stipulation and may be taken advantage of at any time before or after trial. State ex rel. Kelly v. Trimble, 297 Mo. 124. (3) Where an appeal is taken from a justice of the peace by a resident more than ten days after judgment against him the appeal is a nullity and the circuit court acquires no jurisdiction of the subject-matter of the action and the appearance of both parties cannot confer jurisdiction. Robinson v. Walker, 45 Mo. 120; Sidwell v. Jett, 213 Mo. 609.

DAVIS, C.—This is a suit on an account begun in the justice of the peace court, in which court judgment was rendered for defendant. Plaintiff appealed to the circuit court, where on default the circuit court rendered judgment in plaintiff's favor for $80.50, with $8.86 interest, the total judgment reading $89.36. From the order of the circuit court sustaining defendant's motion to set aside the judgment, quash the execution and dismiss the appeal taken by plaintiff from the justice of the peace court, and from the order of the court over-

ruling the plaintiff's motion filed to amend the transcript of said justice, plaintiff appealed.

The record tends to show that on March 14, 1921, before Wm. J. Blesse, justice of the peace of Fifth District, city of St. Louis, plaintiff filed an account in the above cause, reading: ''Suit on an account as per statement attached $80.50.'' The statement is as follows: ''To balance: Dec. 7. To Merchandise $80.50.'' Upon summons a trial was had, both parties appearing thereat, and judgment was rendered for defendant. Plaintiff thereupon filed its affidavit and bond for an appeal, and was granted an appeal to the circuit court of the city of St. Louis. Thereafter, on October 27, 1921, a transcript in said cause was filed with the clerk of the circuit court of said city. So much of said transcript as is pertinent to the issues here involved, reads:

''Alias summons issued to Constable P. A. Austin March 31, 1921, returnable April 15, 1921, at 8 A. M. Alias summons returned duly served by Constable P. A. Austin March 2, 1921. Cause continued to April 25, 1921, at 8 A. M. further to May 10, 1921, at 8 A. M., further to May 26, 1921, at 8 A. M.

''Now on this day and hour cause set for trial, parties appear ready for trial; the justice heard the evidence submitted and after considering the same finds in favor of defendant and against plaintiff.

''It is therefore adjudged by the Justice that plaintiff recover nothing of defendant Chas. W. Ingraham.·

''Now on this 7th day of June, 1921, comes J. F. Dixon, attorney for the plaintiff, and files affidavit for an appeal from the judgment of the justice and bond in the sum of $50, with Illinois Glass Company, J. F. Dixon, as surety.''

When the cause reached the circuit court the case was called for trial on May 18, 1922, and was continued by consent of both parties to June 12, 1922. On said last-mentioned day the case was called, and was passed to June 13, 1922, on which day a trial was had, defendant failing to appear, and the court rendered a judg-

ment, including interest, in favor of plaintiff for $89.36. Thereafter, on January 9, 1923, at a subsequent term of court, an execution was issued on said judgment and notices of garnishment were served on S. S. Kresge Company, a corporation, and F. W. Woolworth, a corporation, garnishees herein.

On February 8, 1923, the defendant filed his motion to set aside the judgment, quash the execution, and dismiss the appeal, and, as a ground for the motion, alleged that the circuit court was without jurisdiction, because it appeared from the transcript of the justice that judgment was entered on May 26, 1921, and an appeal from the justice court was not taken (until June 7, 1921) within the ten days as prescribed by law, and on February 27, 1923, the court sustained the motion.

On March 1, 1923, plaintiff filed a motion to set aside the order sustaining defendant's motion to set aside the judgment, etc., which motion was overruled by the court on March 15, 1923.

On February 10, 1923, plaintiff filed its motion for a rule to amend the transcript of the justice, which motion stated, in substance, that the cause was continued from May 26, 1921, to June 6, 1921, by the justice, and that the cause was tried on said June 6, 1921, before said justice, both parties appearing, the justice rendering judgment on said June 6, 1921, for defendant; that plaintiff duly appealed from said judgment on June 7, 1921, by filing its affidavit and appeal bond, which bond was approved and an appeal allowed to the circuit court; that through inadvertence, oversight and mistake, the justice's transcript failed to show a continuance from May 26, 1921, to June 6, 1921, and to show a judgment entered on said June 6, 1921. This motion for a rule to amend the transcript of the justice was overruled by the circuit court on March 27, 1923. On March 28, 1923, plaintiff filed its affidavit for appeal, and was allowed an appeal to this court.

On March 15, 1923, a hearing was had on plaintiff's motion to set aside order sustaining defendant's motion to vacate judgment, quash execution, dismiss appeal and

Ill. Glass Co. v. Ingraham, et al.

to overrule said motion filed. Plaintiff offered to prove in support of its motion that the judgment of the justice of the peace was rendered on June 6, 1921; that the appeal was allowed on June 7, 1921, offering the docket of the justice of the peace showing the entry of judgment on June 6, 1921, and offering to prove by the clerk of the justice who drew up the transcript that he inadvertently omitted showing a continuance from May 26th to June 6, 1921.

The following colloquy between the court and the parties counsel took place:

"THE COURT: That does not look like a docket to me.

"MR. DIXON: It is marked 'docket.'

"THE COURT: That is not the docket; that is not the official docket of the justice court; you have got here a memorandum docket that the judge keeps, like I make memorandums here, that may be incorrect, right in front of me. The docket is that which is entered by the clerk in a big, thick docket book.

"MR. DIXON: I have got the clerk here to show that the entries are correct, if your Honor please.

"THE COURT: The clerk can't show them unless he puts his official docket before him."

"On March 27, 1923, a hearing was had on plaintiff's motion for a rule to amend the transcript of the justice of the peace. In support of its motion, plaintiff offered to prove that the justice rendered judgment for defendant on June 6, 1921, and not on May 26, 1921, and that the transcript is erroneous in failing to show a continuance from May 26th to June 6, 1921. Plaintiff offered in evidence the files, summons, papers and transcript of said judgment; also memoranda on back of summons reading as follows: "June 6th, 8a 1921, judg. for deft. W. J. Blesse," and that the memorandum was made by the said justice; that Mr. Wood appeared before said justice on June 6, 1921, testified in this case, and that judgment was rendered on June 6, 1921, which offer the court overruled.

Two motions on the garnishment proceedings against the garnishees were filed, asking the court to set aside

215 M. A.—2.

the order discharging the garnishees and dismissing the garnishments. Plaintiff offered to prove the same facts above related and made the same offer. The court over-ruled the two motions.

On January 12, 1923, notices of garnishment were served on S. S. Kresge Company and F. W. Woolworth, in pursuance of said execution. They were in due sub-stance and form.

On March 1, 1923, the court ordered S. S. Kresge Company and F. W. Woolworth Company, the garnishees, discharged and the garnishments dismissed, on the ground that the court had no jurisdiction in the subject-matter of this cause.

On March 3, 1923, plaintiff filed a motion to set aside the order discharging the garnishees, which motion the court overruled on March 15, 1923.

The record shows that plaintiff duly appealed from the order discharging the garnishees, and no question is here made of it.

I. Such part of section 2727, Revised Statutes 1919, as is pertinent, reads: ''Every justice of the peace shall keep a docket, in which he shall enter: Third, the time when the parties appeared before him, either with or without process, or upon return of the process; fifth, every adjournment, stating at whose request and at what time; sixth, the time when the trial was had, stating whether the same was by jury or by the justice.''

On its motion for a rule to amend the transcript of the justice, filed February 10, 1923, while plaintiff offered to prove that the justice rendered judgment on June 6, 1921, and not on May 26, 1921; that the transcript is er-roneous in failing to show a continuance from May 26th to June 6, 1921, and offered the files, summons, papers and transcript of said justice of the peace, and the memo-randa on the back of the summons and the evidence of Mr. Wood, plaintiff failed in any manner to identify by competent evidence the docket of the justice kept in ac-cordance with the above statute or to show what ap-peared therein, or that it was silent about matters which

the statute required it to speak. Justice courts are not courts of record. Therefore, while proceedings before a justice of the peace may be shown by the papers or cause of action on file, or by the officers of the court; and while it may be shown that proceedings are not entered in books, or that the docket is silent as to such matters, or that an ambiguity exists which may be explained, yet, where the docket required to be kept by the statute speaks, parol evidence is not admissible to contradict, explain away, or vary or impeach it. [Sutton v. Cole, 155 Mo. 206, 55 S. W. 1052.] Plaintiff did not put a witness on the stand, or in any other manner competently seek to identify the docket, or to show its contents or its silence as to the matters here involved. Consequently nothing arises in the record on which error of the court below may be predicated. If the evidence had shown that plaintiff had offered to identify the docket, offering it in evidence; had offered to show its contents or its silence and had then made its offer of proof showing a continuance to June 6th and a trial on that day, all of which the record had shown the court had overruled, a different situation would have been presented for our consideration. Again, even if plaintiff's motion of March 1, 1923, to set aside the order sustaining defendant's motion to set aside the judgment, quash the execution and dismiss the appeal is properly before us, the same conclusions regarding the offer of proof as to the identity of the docket obtain.

II. This leaves for decision the question of the efficacy of defendant's motion to vacate the judgment, quash the execution and dismiss the appeal, and the court's order so doing. Section 2891, Revised Statutes 1919, regarding appeals from justices' courts reads: "No appeal shall be allowed in any case unless the following requisites be complied with: First, the appeal must be made within ten days after the judgment was rendered, but if a nonresident of the county where the suit shall be instituted, the party shall, in all cases of appeal allowed by this article, have twenty days to make such

appeal.'' On February 27, 1923, during the hearing on defendant's last-mentioned motion, plaintiff's counsel stated that it was admitted that plaintiff was a resident of the city of St. Louis, Missouri, at the times involved in the case. This is what is known as a judicial admission, and plaintiff is bound thereby. In 1 R. C. L., page 469, sec. 4, it is said: ''One class of admissions consists in statements made by parties in the course of judicial proceedings, generally termed 'judicial admissions.' Such statements are evidence against a party and may constitute the basis of a verdict, whether made in pleadings or other written assertions or orally by counsel.'' [Pratt v. Conway, 148 Mo. 291, 49 S. W. 1028.] It follows that, under the above statute, plaintiff, a resident of the city of St. Louis, must have taken an appeal within ten days for the circuit court to acquire jurisdiction of the subject-matter. [Robinson v. Walter, 45 Mo. 117; Sidwell v. Jett, 213 Mo. 601, 112 S. W. 56, and, as these cases hold, appearance does not waive lack of jurisdiction.]

We think defendant's motion to vacate the judgment, quash the execution and dismiss the appeal, was proper procedure. 15 R. C. L., page 716, section 168, states, in substance, that a motion or petition to set aside the judgment, filed with the court rendering it, by the defendant, performs the functions of a writ of error *coram nobis* or *audita querela*. Inasmuch as the transcript of the justice of the peace shows that the appeal to the circuit court was not taken in ten days from the day of judgment, the circuit court failed to acquire jurisdiction, and its judgment on the account in favor of plaintiff was without authority of law and a nullity. As was said in People v. Greene, 74 Cal. 400, 16 Pac. 197, 5 A. S. R. 448: ''It is conceded by all the parties that a court will interpose to stay the execution of a void judgment. . . . It is said a court whose process is abused by an attempt to enforce a void judgment will interfere, for its own dignity, and for the protection of its officers, to arrest further action.'' In this connection see 15 R. C. L., pages 841 to 846; sections 316 to 320, and the cases

cited in support thereof; also State ex rel. Kelly v. Trimble, 297 Mo. l. c. 124, 247 S. W. 187.

Relative to plaintiff's two appeals from the order of the court below dismissing the garnishments, it is evident from what we have said that they rise or fall upon our decision in the principal case.

It follows, that the action of the court below in vacating the judgment, quashing the execution and dismissing the appeal and garnishments, should be sustained.

The Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of DAVIS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.