[Civ. No. 5942.  First Appellate District, Division One.—September 16, 1927.]

PIETRO VIGNOLO, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

462

Sawyer & Sawyer and F. W. Sawyer for Petitioner.

Frederick Appleman for Respondent.

KNIGHT, J.—Petitioner applies for a writ of review for the purpose of having annulled a judgment of the respondent Superior Court rendered on the merits, after trial *de novo,* in an action brought before said Superior Court on an appeal from the justice's court taken on questions of law and fact. Petitioner's main contention is that there was no trial of the facts in the justice's court, and that therefore the appeal to the Superior Court was in effect one taken upon questions of law alone, whereunder the power of the Superior Court was limited to a reversal of the judgment and a remand of the cause to the justice's court for trial on the issues of fact tendered by the pleadings.

The action was commenced by one James Neary against petitioner to recover upon an assigned claim for real estate broker's commissions. The essential allegations of the com-

plaint were that petitioner authorized plaintiff's assignor, a duly licensed firm of real estate brokers, to sell his real property; that thereafter said brokers secured a purchaser, with whom petitioner entered into a written contract of sale, a copy of which was attached to and made a part of the complaint; that at the time of the execution of said contract petitioner accepted from the purchaser a deposit of four hundred dollars; and that, although said purchaser was ready, willing, and able to consummate the sale in accordance with the terms of the written contract, petitioner refused to do so.

Petitioner demurred to the complaint on general grounds, and the demurrer was overruled. Thereupon he filed an unverified answer denying "generally and specifically, each and every, all and singular, the allegations of said complaint." The cause then came on for trial before the justice, and petitioner stipulated orally "that the facts are the same as pleaded in the complaint," following which judgment was given in favor of petitioner, and the plaintiff appealed to the Superior Court on questions of law and fact. Thereafter the cause came on for trial on the merits before the latter court, without objection being made thereto by petitioner, and a second and similar stipulation was made by petitioner as to the facts; whereupon the Superior Court rendered its judgment granting unto plaintiff the relief prayed for in the complaint. The parties then filed a written stipulation waiving findings of fact and conclusions of law, and judgment for plaintiff was entered accordingly. At this stage of the proceedings petitioner's present counsel were substituted as his attorneys, and they made a motion for a new trial, which was denied. Execution was thereafter issued and levied on certain real property belonging to petitioner. This proceeding was then instituted.

▮▮▮▮ Conceding, as petitioner contends, that when an action is commenced in the justice's court there must be an adjudication of the facts therein before a trial *de novo* may be had and a judgment rendered on the merits in the superior court (*Myrick* v. *Superior Court,* 68 Cal. 98 [8 Pac. 648]; *Null* v. *Superior Court,* 4 Cal. App. 207 [87 Pac. 392]), the present case, in our opinion, does not fall within the rule stated because the proceedings had before the justice here doubtless constituted a trial upon and a disposal

of the issues of facts; consequently, the judgment rendered was based on the merits and afforded the aggrieved party thereto a right of appeal on questions of law and fact and to have such appeal heard and determined accordingly in the Superior Court.

Trials in the justices' courts may be had upon issues of law and upon issues of fact (Code Civ. Proc., secs. 878, 881, 882). An issue of law arises upon a demurrer to the complaint or answer, or to some part thereof, and must be tried by the court (Code Civ. Proc., secs. 879, 881). "An issue of fact arises—1. Upon a material allegation in the complaint controverted by the answer . . . " and "must be tried by a jury unless a jury is waived, in which case it might be tried by the court" (Code Civ. Proc., secs. 880, 882). The action here came on for trial before the justice upon the issues of fact joined by the allegations contained in the complaint, and the denials thereof contained in the answer. By reason of such controversion of facts plaintiff was required to substantiate the allegations of his complaint by proof, which is defined by section 1824 of the Code of Civil Procedure to be "the effect of evidence, the establishment of a fact by evidence." It was therefore wholly immaterial, we think, as to the kind of evidence plaintiff adduced, whether it consisted of the testimony of witnesses or the judicial admissions of the defendant. The latter were evidently made for the purpose of saving time and expense, and to avoid the inconvenience of calling witnesses to establish the facts about which there was no dispute; and that they were intended to relate only to the particular trial in the justice's court is shown by the fact that a second and similar stipulation as to the facts was made in the trial *de novo* before the superior court.

Such judicial admissions were therefore merely evidential in character (*Volker etc. Lumber Co.* v. *Vance,* 36 Utah, 348 [Ann. Cas. 1912A, 124, 24 L. R. A. (N. S.) 321, 103 Pac. 970]), doing away with any further evidence, and when accepted by plaintiff, for whose benefit they were made, carried the same probative force as the testimony of witnesses with reference to the disposal of the issues of fact. (5 Wigmore on Evidence, pp. 604, 605.)

The facts being thus established after trial the justice was called upon to render judgment, and under the

law governing the procedure in justices' courts the rendition of a judgment on the merits was mandatory. As declared by section 925 of the Code of Civil Procedure, "Justices' courts being courts of peculiar and limited jurisdiction, only those provisions of the code which are, in their nature, applicable to the organization, powers and course of proceedings in justices' courts, or which have been made applicable by special provisions in this title (part II, title XI) are applicable to justices' courts and the proceedings therein"; and with reference to the exercise of such limited powers it has been held that a justice of the peace is not vested with authority to pass upon or grant a motion for a nonsuit; that the dismissals he may enter are restricted to the causes mentioned in section 890 of said code, of which the failure of plaintiff to establish his case by evidence is not one; and that "where evidence has been introduced in a trial of a case before him and plaintiff rests his case upon evidence which, to the mind of the justice, is not sufficient to entitle him to judgment, the result is that there has been a trial upon the merits, that the plaintiff has failed to establish his cause, and that judgment upon the merits should be rendered for the defendant. Such is the clear meaning of our law, and so it has been construed in 1 Cowdery's Justice Treatise, p. 996, sec. 1134" (*Peacock* v. *Superior Court*, 163 Cal. 701 [126 Pac. 976], overruling in effect the decision in *Smith* v. *Superior Court*, 2 Cal. App. 529 [84 Pac. 54], as to the power of a justice's court to grant a nonsuit.) ▮ Subsequent to the rendition of the decision in the case just quoted from, section 890a of said code was enacted, which granted to justices' courts authority to dismiss actions upon grounds other than and in addition to those enumerated in said section 890; but the power to render a judgment of nonsuit was not included therein, and consequently justices' courts are still lacking in such authority.

In the present case, therefore, after the justice had proceeded with the trial of the facts pleaded in the complaint, and the same had been proved by the judicial admissions of the defendant, it was imperative that he render a judgment upon the merits, for being without legal authority to dismiss the action by nonsuit he could do nothing else; and the fact that such judgment was grounded upon judicial admissions rather than upon oral testimony or any other

kind of legal proof manifestly did not change the nature of the trial from one of fact to one of law, nor affect the character of the judgment as being one upon the merits. As said in Freeman on Judgments: "A judgment is on the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties, based on the ultimate facts or state of the facts disclosed by the pleadings and evidence upon which the right of recovery depends, irrespective of formal, technical or dilatory objections or contentions. But it need not be the result of a trial or hearing on controverted facts, if the parties have had a legally sufficient opportunity to present the merits of the controversy and have waived or otherwise lost the right to such a hearing." (2 Freeman on Judgments, p. 1543). Even though petitioner's stipulation as to the facts be considered as having nullified the denials in his answer, and consequently that the judgment be deemed to be one rendered upon the pleadings, it nevertheless was a judgment upon the merits (*Takekawa* v. *Hole,* 17 Cal. App. 653 [121 Pac. 296]; *Bailey* v. *Aetna Indemnity Co.,* 5 Cal. App. 764 [91 Pac. 416]).

The cases cited by petitioner in support of his contention do not reach the point involved here. They either are essentially different in their facts from the present one or declare legal principles which are foreign to the issue herein. For instance, in *Null* v. *Superior Court, supra,* and *Myrick* v. *Superior Court, supra,* there was no adjudication of the facts whatever by the justice, a judgment of dismissal being entered in each action after the justice had refused to entertain jurisdiction. It was held that under such circumstances the superior court, in the exercise of its appellate jurisdiction, was without power to try the action *de novo.* In *People* v. *County Court,* 10 Cal. 19, and *Fabretti* v. *Superior Court,* 77 Cal. 305 [19 Pac. 481], no issues of fact were tendered by the pleadings, the appeals having been taken from default judgments, and it was held that appeals on quesions of law alone would lie. The case of *Maxson* v. *Superior Court,* 124 Cal. 468 [57 Pac. 379], determined merely that the superior court, in the exercise of its appellate power, had jurisdiction upon reversal of a judgment of the justice's court appealed upon questions of law alone to make its judgment of reversal effectual by remanding the

cause to the justice's court for further proceedings according to its directions, and might thereby control and direct the subsequent action of the justice's court. *Abbey Land & Improvement Co.* v. *County of San Mateo,* 167 Cal. 434 [Ann. Cas. 1915C, 804, 52 L. R. A. (N. S.) 408, 139 Pac. 1068], and *Quist* v. *Sandman,* 154 Cal. 748 [99 Pac. 204], were actions commenced originally in the superior court. The causes were submitted for decision on the pleadings or on stipulated facts, and it was held that since the facts were not controverted motions for a new trial would not be entertained. In *Gregory* v. *Gregory,* 102 Cal. 50 [36 Pac. 364], which was also a superior court action, it was held that a stipulation as to the facts dispenses with findings; and in *Southern Pacific R. R. Co.* v. *Superior Court,* 59 Cal. 471, it was held that where a plaintiff in the justice's court has appealed to the superior court on questions of law from a judgment of dismissal entered against it upon the ground of failure to serve summons, and the defendant in the action appeared specially in the superior court for the purpose of moving the dismissal of the appeal, the superior court has not the right to ignore the appeal and order the defendant to answer and proceed to trial therein.

Furthermore, and aside from the merits of the legal questions presented, we are convinced that petitioner, having voluntarily participated in the trial *de novo* in the superior court, without objection being made to the jurisdiction of that court to try the action anew, and having entered into a second stipulation therein as to the facts, is now precluded from attacking the judgment rendered therein on the merits. As held in *Stehlin* v. *Superior Court,* 12 Cal. App. 421 [107 Pac. 568], the superior court acquired jurisdiction of the appeal as taken, both of the parties and of the subject matter; and where, under such circumstances, petitioner voluntarily appeared and submitted the whole controversy to the superior court, and an adverse judgment was rendered against him, he cannot be allowed for the first time upon *certiorari* to question the power of the court to try and determine the appeal on the merits.

For the reasons hereinabove set forth the proceedings sought to be annulled are affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by petitioner for a rehearing of this cause was denied·by the district court of appeal on November 14, 1927.