(No. 5557. September 22, 1930.)

STATE, Respondent, v. OTTO STEINBERG, Appellant.

[291 Pac. 703.]

Hodgin & Hodgin, for Appellant.

W. D. Gillis, Attorney General, for Respondent, files no brief.

LEE, J.—Appellant, Otto Steinberg, has appealed from an order of the district court of Lemhi county, "dismissing said defendant's appeal from a judgment of conviction made by the Police Court of the City of Salmon to said District Court."

The facts apparent from the record are these: Upon the rendition of the jury's verdict in the police court, appellant's counsel gave oral notice of appeal, and thereafter on July 3d, the last day for filing notice thereof, he repaired with it about the hour of 2 o'clock P. M. to the office of the police judge, purposing to file the same. The office was locked and, having found it again locked about 3 o'clock P. M., he carried the original notice to the prosecuting attorney, served him with a copy thereof and requested him to file the original in the police court when it next opened. To this, the prosecuting attorney acceded. But, as July 4th and 5th were holidays recognized by law as nonjudicial, the latter did not file said notice until July 6th. The police judge was in his office on July 3d from 8:30 A. M. until 12 M., and thereafter was either at the fairgrounds or his home in Salmon. In due time, without any objection on the part of the State, the case was tried on appeal *de novo* in the district court, and appellant again convicted. After judgment, appellant moved for a new trial, which was granted, and the case was continued for the term. Subsequently, the prosecuting attorney filed a motion to dismiss the appeal, charging the district court's want of jurisdiction, since the notice of appeal had not been filed within ten days after entry of judgment in the police court as pro-

vided by C. S., sec. 9264. The court sustained the motion and dismissed the appeal.

Appellant seeks a reversal mainly upon two theories:

First: "The District Court had original jurisdiction of the subject matter and the parties appeared voluntarily at the trial: therefore, the District Court had jurisdiction of both the subject matter and the parties."

Second: "The State by appearing in the District Court and proceeding to trial, and allowing the case to go to final judgment without objection to the Court's jurisdiction waived its right to object to any irregularity in perfecting its appeal from the Police Court."

It is evident at the outset that the only matter here involved is the question of jurisdiction. This court has repeatedly declared that under the Constitution our district courts exercise co-ordinate, concurrent jurisdiction with all inferior courts. (*Fox v. Flynn*, 27 Ida. 580, 150 Pac. 44.) Jurisdiction of subject matter is created by law; and it is elementary that no consent of parties can confer it upon a tribunal theretofore lacking it. But, where a tribunal is clothed with jurisdiction of the subject matter *ab initio*, there remains nothing further but the acquisition of jurisdiction over the parties.

Notwithstanding appellant's failure to file his notice of appeal in time, the State fully cognizant of the omission joined in the trial *de novo*, permitted the cause to go to judgment, resisted appellant's motion for new trial, and then, when the motion had been granted, for the first time raised the question of belated notice. The district court already had jurisdiction of the subject matter, and the parties were voluntarily participating in the trial before it. Under a well-settled line of decisions, this situation effectually precludes any tardy attack upon former procedure. In our immediate section, Utah, Nevada and California have hitherto definitely sustained this position, the former by a most able and exhaustive discussion in *Devlin v. District Court of Weber Co.*, 53 Utah, 208, 178 Pac. 73. In the

case of *Phillips v. Snowden Placer Co.*, 40 Nev. 66, 160 Pac. 786, the Nevada court scored a bull's-eye with the following:

"Both parties proceeded to try the case upon the merits without questioning the jurisdiction. The subject-matter of the action was such that the district court had original jurisdiction to try. The parties submitted themselves without question to the jurisdiction of the court. This is not a case of an attempt to confer by consent jurisdiction of a subject-matter beyond the court's jurisdiction. Rather it should be regarded as a waiver of any technical objection which might have been raised as to the manner of acquiring jurisdiction. Where parties, without objection, proceed to the trial of a case, the subject-matter of which is within the original jurisdiction of the court, the rule of estoppel ought to apply against a subsequent questioning of jurisdiction. The modern tendency of courts is to break away from technical rules of practice. The sooner many rules, around which are encircled the halo of time-honored recognition, are modified, restricted, or entirely discarded, the sooner will courts perform the real function for which they were created, the adjudication of controversies between litigants upon their real merits. When that time arrives, and it is fast approaching, the occasion for dissertations by eminent lawyers, jurists and laymen upon the 'sporting theory of justice' will have ceased."

And, in *Vignolo v. Superior Court*, 85 Cal. App. 461, 259 Pac. 491, the court, in an action originating in the justice court and appealed to the superior court, denied a writ of *certiorari* upon the ground that the petitioner had "voluntarily participated in the trial *de novo* in the Superior Court, without objection being made to the jurisdiction of that Court to try the action anew." Of the soundness of this principle, we have no doubt.

Judgment reversed, with instructions to the trial court to reinstate the cause.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.