**98**

## RUSSIAN ORTHODOX GREEK CATHOLIC CHURCH
### v.
### GUNDLACH.
### No. 312.

District Court, Alaska,
Third Division, Anchorage.
Feb. 25, 1954.

Talmadge L. Smith, Kodiak, Alaska, for appellant.

Paul A. Dupler, Kodiak, Alaska, for appellee.

McCARREY, District Judge.

This matter comes before this Court upon affidavits submitted by Anna May Vokacek, U. S. Commissioner for the Kodiak Precinct; Paul A. Dupler, Attorney for the Appellee; C. Harvey Gundlach, Appellant; and P. J. Kerrigan, for and on behalf of the appellant, upon a motion made by Talmadge L. Smith, requesting the following "hearing on the right of defendant to take and perfect an appeal at this time", and was heard on the 18th day of February, 1954, upon agreement of both counsel.

Based upon the affidavits, the trial of the case in the Commissioner's Office was held on the 17th day of December, 1953, at which time the Appellee was represented by Paul A. Dupler and the Appellant, C. Harvey Gundlach, was not represented by counsel. It is further evident from the affidavit of Anna May Vokacek, U. S. Commissioner at Kodiak, that a judgment was entered on the 21st day of December, 1953, in favor of the Appellee and against the Appellant, in conformance with the prayer of the complaint. It is to be noted that the pleadings below are not a part of the record on this appeal.

The affidavits stand uncontroverted that the Appellant was advised by counsel for the Appellee to secure legal counsel for the protection of his rights, as well as for the mental satisfaction he would receive from legal counsel if he wanted to appeal. What steps Appellant took concerning the obtaining of legal counsel are vague; however, the affidavit of P. J. Kerrigan, whom this court was advised in argument by counsel on this matter, and as set forth in his affidavit, was an attorney admitted to practice in the State of Nebraska, but who had not received a certificate to practice here in the Territory of Alaska, did inquire into the appeal of the matter on or about the 18th day of January, 1954, in that he went to the Commissioner's Office, in company with the appellant, at which time they were advised by someone in the office that the Commissioner was in Juneau and that there was no one there with whom to file any papers.

The affidavit of Mr. Kerrigan further stands undisputed that Mr. Gundlach went to the office of the Commissioner on the 19th and 20th days of January, 1954, apparently for the purpose of perfecting his appeal, at which time he was advised by that office that the Commissioner had not returned. Also that Mr. Kerrigan did attempt to contact Talmadge L. Smith during this period of time, and again on the 20th day of January, 1954, at which time he was advised that Mr. Smith was enroute to Kodiak.

In the meantime, Mr. Gundlach states that he employed Mr. P. J. Kerrigan to perfect his appeal and he further advises that the U. S. Commissioner returned to Kodiak on the 21st day of January, 1954, at which time she apparently informed the appellant that the 21st day of January, 1954, was the last day that the appeal could be taken. Conformant thereto, Mr. Kerrigan called the undersigned District Judge, requesting a ten day extension of time in which to perfect the appeal and, as is set forth in the affidavit of Mr. Gundlach, the extension was granted tentatively. In this respect, it must be noted that the facts were not clearly presented to the Court, at that time, nor was it possible for the Court to check the law during the long distance telephone call.

Mr. Talmadge L. Smith based his argument principally upon equity and stated that the appellant's rights should not be jeopardized to perfect his appeal because a Commissioner was not available to have the same perfected prior to the expiration of the thirty day period, but cited no law in support of his position. In this respect, the court agrees that his arguments are meritorious but, unfortunately, cannot be supported by the law.

The particular statute applicable to this problem is found in § 68–9–3, A.C.L.A.1949, which provides as follows:

"The appeal is taken to the district court, and may be taken within thirty days from the date of the entry of the judgment. * * * "

The statute itself does not grant any discretion to this court to extend time in which one may perfect an appeal.

In O'Connor v. Beck, 5 Alaska 690, the Court held that the statutory period for filing the transcript of the cause was jurisdictional and mandatory, and the Court had no power to accept any excuse to the contrary. Logically, it must follow that if this is true of the filing of the transcript, it should, likewise, be true as to the filing of the Notice of Appeal, or anything appertaining thereto.

Also, see 51 C.J.S., Justices of the Peace, § 150d, page 271, where it is said:

"In the absence of statutory authorization an appellate court may not extend the time fixed for taking an appeal from the judgment of a justice."

Cases cited thereunder include: Clark v. Harder, Co.Ct., 22 N.Y.S.2d 395; Higgins v. The Educators, Com.Pl., 43 Pa.D. & C. 329, 8 Sch.Reg. 244, affirmed 147 Pa.Super. 400, 24 A.2d 19.

Also see Illinois Glass Co. v. Ingraham, 264 S.W. 43, where it was held that where an appeal from judgment in justice court was not taken in ten days, as required by statute, circuit court did not acquire jurisdiction, and such lack of jurisdiction was not waived by appearance. The judgment rendered on appeal was vacated for lack of jurisdiction.

### Conclusion

Although it cannot be said that waiting until the 18th day of January, 1954, to perfect his appeal, was prudent on the part of the appellant, I find that the equities in the instant case are somewhat in his favor. However, I find the District Court has no power or authority, or even discretion in the matter, to extend the time for appeal and that the statutory time specified is mandatory and jurisdictional and, hence, if an appeal were allowed, any judgment rendered, in all probability, would be void and subject to collateral attack.

I, therefore, am of the opinion that the motion on the hearing to take and perfect appeal should be and is denied.