### WILLIAM F. HARTZFELD v. RUSSELL W. TAYLOR, Appellant.

#### Division One, November 27, 1907.*

1.  **APPEAL: Judgment of County Court: Within Ten Days.** Where the application for an appeal was filed and allowed eleven days after the county court rendered final judgment establishing a private road way, the circuit court had no jurisdiction to try the case. Such appeals must be taken within ten days after the judgment was rendered.

2.  ———: ———: ———: **Record Entries: Certificate of Clerk to Contrary.** Final judgment was rendered in the county court on January 18th, and the record shows that the application for an appeal was made and allowed on January 29th. *Held*, that this solemn record recital cannot be impeached or overthrown by a statement in appellant's additional abstract that the affidavit and bond for appeal bear the indorsement of the clerk over his official signature, "Filed January 28th." The county court acts in a judicial capacity in establishing a private roadway, and speaks by its record, and its record cannot be collaterally attacked. (Distinguishing Williams v. Kirby, 169 Mo. 622.)

3.  ———: **Jurisdiction.** Where the circuit court which tried the case had no jurisdiction, the appellate court can have none.

* Note.—Decided May 29, 1907. Motion for rehearing filed. Motion overruled November 27, 1907.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

APPEAL DISMISSED.

*W. H. Hallett* and *Scott & Bowker* in support of motion to dismiss appeal.

In appeal cases from inferior courts to the circuit court the transcript is the authority of the appellate court to hear and determine the cause, and when the transcript shows the circuit court had no jurisdiction to try and determine the cause, it necessarily follows that the Supreme Court has no jurisdiction. R. S. 1899, sec. 4069; Devore v. Staeckler, 49 Mo. App. 547; Smith v. Chapman, 71 Mo. 217; Kelm v. Hunkler, 49 Mo. App. 664.

*M. T. January* for appellant in reply.

Respondent correctly quotes the transcript of the county clerk on the appeal from the county to the circuit court, but in quoting it, he states only a half truth. It is true the appeal was granted on the 29th day of January by the county court, but the affidavit and bond for appeal were filed with the clerk on the 28th of January and his indorsement so shows. The county court did not happen to be in session on the 28th and the matter of appeal was not acted on until the next day, the 29th. Respondent now urges the appeal was not taken in time. He made that same objection in the circuit court and moved to dismiss the appeal for that reason. No evidence was offered in support of the motion, which was overruled by the court. This ruling must necessarily be the result of a finding by the trial court that the affidavit and bond for appeal were actually filed within the ten days. Conceding, for argument's sake, that respondent has the right to print the clerk's transcript as part of

the record proper it was not offered in evidence on the hearing of the motion to dismiss. Appellant would have the same right to so print the affidavit and bond for appeal with the indorsement thereon. In that case the whole record is before this court on which to determine the jurisdiction of the circuit court on the appeal. Respondent contends that the transcript is the authority of the circuit court to try a case on appeal, and when the transcript shows no jurisdiction, the appeal must fail. He cites on that proposition, section 4069, Revised Statutes 1899, and two decisions of the Courts of Appeals and one of this court. The section of the statute cited does not sustain the point, and the two cases from the Court of Appeals merely hold that "it should appear somewhere from the record that an appeal was granted in compliance with law." The case cited from this court is not in conflict with the other two. It clearly appears in this case, from indorsements on the "original papers" which the clerk is required to send up to the circuit court, that the affidavit and bond were filed the 28th day of January, 1904, and within the ten days.

VALLIANT, P. J.—Proceeding begun in the county court of Vernon county to establish what is denominated in the petition as "a private way of necessity" to connect with a public road across the land of the defendant. The petition was in proper form, notice duly served, and after regular proceedings there was a judgment in the county court establishing the road as prayed and assessing the damages, which the petitioner paid to the county treasurer for the use of the defendant. An appeal was taken to the circuit court where the cause was tried *de novo* and again a judgment was rendered establishing the road as prayed; from that judgment the defendant has prosecuted this appeal.

Respondent moves to dismiss this appeal for the reason that the circuit court acquired no jurisdiction on the alleged appeal from the judgment of the county court and therefore this court acquires no jurisdiction through the appeal from the judgment of the circuit court.

The transcript of the record of the proceedings in the county court filed in the circuit court shows that the final judgment of the county court was rendered January 18, 1904, and that the application for the appeal was made and was allowed January 29, 1904, which was eleven days after the final judgment. When the cause reached the circuit court the respondent moved the court to dismiss the appeal on the same ground, but the court overruled the motion and proceeded to the trial with the result above stated.

Section 1788, Revised Statutes 1899, provides: "In all cases of appeal from the final determination of any case in the county court, such appeal shall be prosecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from justices of the peace to circuit courts," etc. And section 4060, relating to appeals from a judgment rendered by a justice of the peace, says: "No appeal shall be allowed in any case unless the following requisites be complied with: First, the appeal must be made within ten days after the judgment was rendered," etc.

Appellant has filed what he calls an "additional abstract" in which he makes the statement that the affidavit and bond for appeal bear the indorsement of the clerk over his official signature, "Filed January 28, 1904." But the clerk's memorandum of filing cannot overthrow the solemn record entry which expressly declares that the application for the appeal was filed, together with the bond, on the 29th, and was on that

day "examined, considered and approved, and the appeal granted" to the circuit court.

In a proceeding of this kind the county court acts in its judicial capacity and speaks by its record; when the record of a county court shows the facts conferring the jurisdiction and shows that the court acted within its judicial jurisdiction, its judgment is as safe from collateral attack and its record as safe from collateral impugnment as the judgment and record of a court of general jurisdiction. [Seafield v. Bohne, 169 Mo. 537; Bennett v. Hall, 184 Mo. 407.]

We cannot in the face of the record before us conclude otherwise than that the appeal from the judgment of the county court was not taken within ten days after the rendition of the judgment, and therefore the circuit court acquired no jurisdiction of the cause and its judgment is a nullity. [Smith v. Chapman, 71 Mo. 217; Devore v. Staeckler, 49 Mo. App. 547; Kelm v. Hunkler, 49 Mo. App. 664.]

The motion to dismiss the appeal is sustained.

All concur.

## ON MOTION FOR REHEARING.

Our attention is called to Williams v. Kirby, 169 Mo. 622, with which counsel think the original opinion in this case is in conflict. There was a dictum in the original opinion which was liable to be construed as conflicting with some of the language used in Williams v. Kirby, but that dictum was unnecessary to the decision of the point decided, and we have therefore erased it from the opinion.

In Williams v. Kirby the record showed that the affidavit and bond for appeal were filed in the office of the clerk of the county court within the ten days prescribed by section 6328, Revised Statutes 1889, now section 4060, Revised Statutes 1899, but there was no order of court made then or thereafter granting the

appeal, although at a later date, beyond the ten days limit, there was a record entry showing that the bond was approved by the county court; the papers in the case were sent to the circuit court, and the cause was there docketed; on motion of the plaintiff the circuit court dismissed the appeal on the ground that the county court had never granted an appeal; from that order the defendant appealed to this court, where the order of the circuit court dismissing the appeal was reversed and the cause remanded for trial. This court in that case cited with approval Jester v. McKinney, 47 Mo. App. 62, holding that an appeal would be considered as having been allowed under section 6334, Revised Statutes 1889 (now sec. 4066, R. S. 1899), which says: "In all cases when the bond and affidavit required shall have been filed or deposited with the justice in due time, and the justice shall have returned such appeal to the appellate court, the same shall be considered as having been allowed by the justice, although no entry thereof shall appear in the record."

The difference between that case and the case at bar is that there the record showed that the affidavit and bond for appeal were filed within the ten days, but there was no order approving the bond or allowing the appeal, whereas in this case the record of the proceedings of the county court show that the affidavit and bond were filed and the appeal allowed by the court on January 29th which was eleven days after the rendition of the judgment.

If, as respondent contends, the affidavit and bond bear the clerk's endorsement of filing January 28th, then there is a conflict of evidence as to the fact; the solemn record says it was filed on the 29th and the clerk's memorandum says it was filed on the 28th; which is the superior evidence?

The motion for a rehearing is overruled.

All concur.