**STATE of Missouri ex rel. ST. LOUIS COUNTY, Missouri, Relator,**

v.

**The Honorable Douglas L. C. JONES, Judge of the Circuit Court of the 21st Judicial Circuit of Missouri, Division No. 5, Respondent.**

**No. 35249.**

Missouri Court of Appeals, St. Louis District, Division Two.

July 31, 1973.

George F. Gunn, Jr., St. Louis County Counselor, Thomas W. Wehrle, Deputy County Counselor, James H. White, Associate County Counselor, Clayton, for relator.

James L. Sullivan, Stephen W. Woodard, Robert O. Snyder, St. Louis, for respondent.

SIMEONE, Judge.

This is an original proceeding on the relation of St. Louis County to prohibit respondent judge of the Circuit Court of the

County of St. Louis from exercising jurisdiction and entering further orders or enforcing a previously issued restraining order in an injunction suit hereafter described. Mo.Const. Art. V., § 4, V.A.M.S.

In an unincorporated area of St. Louis County there is a large tract of land owned by Mr. Roy Schacht which consists of 44.98 acres on the east side of DesPeres Road, west of I–244. Sometime during 1972, after an annexation election was held to annex certain lands to the City of DesPeres, including that owned by Mr. Schacht, he filed a petition with the Planning Commission of St. Louis County for a conditional use permit for authorization to construct a nursing home-retirement center on the property (Petition No. 119–72) pursuant to the St. Louis County Revised Ordinances, § 1003.181.[1]

On October 6, 1972, (or September 11, 1972, according to the suggestions in opposition to the petition for prohibition), the Planning Commission, by a vote of 5 to 3, "approved" the permit, although this was denied by the respondent in his return. Thereafter, on October 16, 1972, a protest signed by the owners of more than 51% (by area) of the property within 1,000 feet of the Schacht property was received by and filed with the St. Louis County Council, the governing body of the County. On December 8, 1972, the Planning Commission reported to the Council that the protestors' objections to the permit were not well taken and adhered to its earlier "approval." The Council then scheduled a public hearing on the permit for March 22, 1973, but by order of January 18, rescheduled the hearing for March 8, 1973.

On April 6, 1971, an election was held to annex to the City of DesPeres certain lands located in the unincorporated area of the County which included the property owned by Schacht. Thereafter, the City, in accordance with § 71.015, RSMo 1969, V.A.M.S., filed a declaratory judgment action in St. Louis County entitled City of DesPeres v. Stapleton, et al., cause no. 321058, seeking judicial approval of the annexation of the territory so that the area to be annexed would be part of the municipal boundaries of the City and subject to its zoning ordinances. The County, among others, intervened in the suit. At the time of this proceeding in this court, the Circuit Court of St. Louis County has not ruled upon the validity of the annexation.

On March 6, 1973, the City of DesPeres and Seven Hills Citizens for Community Betterment Corp. (hereinafter referred to as injunction plaintiffs) filed a petition for injunction in the Circuit Court of the County seeking to restrain the County, its Planning Commission, its County Council, and "all of the officials concerned with the granting of conditional use permits" from proceeding with the Schacht petition until such time as the court shall finally determine and resolve all of the issues pending in the annexation proceeding brought by the City of DesPeres.

The petition alleged that an election was held and the voters approved the annexation; that subsequently the declaratory judgment suit to approve the annexation was brought, and that the City has in full force and effect a comprehensive zoning ordinance. The petition further alleged that St. Louis County unreasonably inter-

---

1. The ordinance provides in part that ". . . certain land uses and developments present unique problems with respect to their proper location and relationship to other land uses." It also provides certain standards. The Planning Commission ". . . may permit those developments and uses where such developments and uses are deemed consistent with good planning practice; can be

operated in a manner that is not detrimental to the permitted developments and uses in the district; can be developed and operated in a manner that is visually compatible with the permitted uses in the surrounding area; and are deemed essential or desirable to preserve and promote the public health, safety, and general welfare of St. Louis County." § 1003.181(1).

vened in the annexation declaratory judgment action and that the property for which the conditional use permit was sought was originally designated as single family residential. It alleged that the County, through its Planning Commission, acted upon the Schacht petition and it was purportedly approved by that Commission with less than a two-thirds favorable majority. The petition alleged that immediately following that vote a protest was filed by the residents of Dougherty Woods and Dougherty Lake Subdivision objecting to the permit, and that the Council referred the protest to the Commission for its review and comments. The report refuting the protests, it is alleged, constituted the view of the director of planning and was made without proper investigation by the Commission. The injunction petition alleged that the Council set a date for a public hearing to be held on the matter of the issuance of the permit for March 22, 1973, but on the request of Schacht the hearing was rescheduled and advanced to March 8, 1973, "which would not allow sufficient time for preparation of material to be presented in opposition to the issuance of said conditional use permit." (The rescheduling of the hearing was made on January 18, 1973.) Finally, it was alleged that there was an inadequate investigation made by the applicable regulatory bodies of the County and that the City's zoning ordinance makes no provision for a nursing and retirement home except when certain conditions are met. The injunction plaintiffs alleged that if the County Council should grant the permit, the City would be harmed in that there would be created a use for the Schacht property which is not permitted by the City's zoning ordinance, and that there would be thrust upon the residents of the City the burden of sewage disposal, fire protection, pollution, etc., so as to deny the protestors due process of law.

On March 7, 1973, the day after the filing of the petition for injunction, the respondent, by order of court, issued a temporary restraining order enjoining the County from proceeding on the conditional use permit. The court modified its order to permit a public hearing on March 8, as long as the injunction plaintiffs ". . . are permitted to present such evidence and argument to the said Council as would otherwise be proper until and on March 22, 1973." The injunction plaintiffs, as we understand it, have never presented their objections to the Council, although a hearing was held on March 8, and the Council has taken the Schacht petition for conditional use permit under advisement.

On March 8 the County sought a preliminary rule in prohibition in this court and we issued our preliminary writ returnable March 26, 1973. The petition prayed that respondent be prohibited from entering any orders in the injunction suit because respondent has no jurisdiction to grant the temporary restraining order or to enforce the order or to entertain further proceedings in the action.

In this extraordinary proceeding relator contends that the preliminary writ should be made permanent. As grounds for its contention it urges: (1) that there is a clear and adequate remedy at law by way of administrative review under Rule 100, V.A.M.R. or by certiorari so as to bar the equitable relief granted by respondent and which would deprive respondent of jurisdiction to enter the restraining order; (2) that respondent, in exercising jurisdiction, has interfered with the exercise of the legislative function of the County Council given by constitutional grant; (3) that even if the Council, in the proceeding to consider and rule on the conditional use permit, acts administratively rather than legislatively, the Council has primary jurisdiction and the injunction plaintiffs have not therefore exhausted their administrative remedies; and (4) that the injunction petition failed to state a cause of action, or more properly, a claim upon which relief may be granted.

The injunction plaintiffs, on the other hand, urge that: (1) there is no clear and

adequate remedy at law available to them and hence the injunctive relief was proper; (2) the conditional use permit procedure was administrative in character and hence not beyond the reach of respondent's jurisdiction; (3) the doctrine of "exhaustion of remedies" does not apply to this injunction suit; and (4) the petition for injunctive relief stated a claim.

As the bases for their contention that the injunction plaintiffs do not have a clear and adequate remedy at law so as to prohibit respondent, they rely on several reasons: (1) there was an illegal Planning Commission vote (the vote should have been ⅔ rather than a vote of 5 to 3); (2) there was an inadequate Planning Commission report to the Council on the protests of the surrounding property owners because of the failure on the part of the Commission to investigate the numerous objections made by the protestants concerning proper sewage treatment facilities, inadequate roads, necessity of fire protection and other stated objections; (3) because the rescheduling of the public hearing by the Council from March 22 to March 8 prevented full preparation to present their objections; and (4) the improper intervention by the County in the action for declaratory judgment to approve the annexation by the City. As an additional and somewhat independent ground, respondent contends that the remedy at law would be inadequate because the record on review would not permit review of the objections to the special use permit raised by the injunction plaintiffs.

Respondent's position can be summarized by stating that because there were certain procedural irregularities on the part of the Planning Commission, because the standards established by the ordinance were not met and because of the pendency of the annexation suit, the injunction should issue and respondent has jurisdiction of the equitable proceeding.

But cutting through these numerous contentions and counter-contentions raised by the parties, the principal issue and the crux of this proceeding is whether the injunction plaintiffs have a clear and adequate remedy available on judicial review of the action of the Council should it be permitted to proceed and grant (although there is no assurance that it will) the conditional use permit to Schacht. In the posture of this case, it must be remembered that the County Council has not as yet acted to either deny or grant the conditional use permit to Schacht. If upon judicial review (either by administrative review or by certiorari) the opportunity is afforded the injunction plaintiffs to present their views and objections, they are in no position to complain.

We can readily understand the concern of the injunction plaintiffs to present their views and objections and the concern of the City of DesPeres that it may be responsible to provide proper facilities and services if the annexation is approved and the County Council grants the conditional use permit. Yet in the posture of this proceeding and under the appropriate judicial review procedures, we believe that the injunction plaintiffs have a clear and adequate remedy to review whatever action the County Council may make concerning the conditional use permit.

Rule 100.07(b), V.A.M.R., provides that the inquiry on and scope of judicial review may extend to a determination of whether the action of the agency (the County Council) ". . . (3) Is unsupported by competent and substantial evidence upon the whole record; . . . (5) Is made upon unlawful procedure or without a fair trial; (6) Is arbitrary or capricious; [or] (7) Involves an abuse of discretion."

The same Rule dealing with administrative review provides in § 100.07(d) that even if the reviewing court is not entitled to weigh the evidence, the court may remand the case to the agency with directions to reconsider the same if the court finds that there is competent and material evidence which, in the exercise of reason-

able diligence, could not have been produced (at the hearing) or was improperly excluded at the hearing before the agency. In all circumstances, whether or not the reviewing court may or may not weigh the evidence, "*[t]he court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record.*" (Emphasis added.) Rule 100.07(d).[2]

We believe then that in the posture of this case, where the County Council has not acted or rendered a decision in the matter pertaining to the conditional use permit, the injunction plaintiffs have an adequate remedy on judicial review. State ex rel. Rock Road Frontage, Inc. v. Davis, 444 S.W.2d 43 (Mo.App.1969).

The matters and objections raised by the injunction plaintiffs all deal with irregularities of procedure or alleged unfairness by the Planning Commission so that these matters legitimately come within the scope of review under Rule 100, or within review by certiorari so as to be considered by the reviewing court or remanded to the Council with directions to consider these matters.

■ We believe that the County Council, in its determination of whether a conditional use permit should be granted, is not acting legislatively. The enactment of a comprehensive zoning ordinance is a legislative function, but the authorization or not for a conditional use permit requires only an administrative determination by the Planning Commission and the County Council. State ex rel. Union Electric Co. v. University City, 449 S.W.2d 894, 899 (Mo.App.1970); State ex rel. Ludlow v. Guffey, 306 S.W.2d 552 (Mo. banc 1957). A determination by the Council to grant or withhold a conditional use permit is admin-

istrative in nature and must be made reasonably and not arbitrarily. State ex rel. Union Electric Co. v. University City, *supra*. The conditional use permit procedure is an administrative action; it is the enforcement, not the enactment, of zoning regulations.

The standards for granting a special use permit are established by the County ordinance. Under the County ordinance, § 1003.181(1), the guidelines must be satisfied before a conditional use permit may issue, and these standards and guidelines must be found by the Planning Commission and by the County Council on review.

■ The pendency of an annexation suit does not preclude rezoning by the Council. Dahman v. City of Ballwin, 483 S.W.2d 605 (Mo.App.1972). Therefore, it would seem that the pendency of such a suit also does not preclude the granting of a conditional use permit.

Considering all of the respondent's contentions, we believe that the injunction plaintiffs have a clear and adequate remedy at law under Rule 100 or by certiorari so that the preliminary writ of prohibition should be made permanent.

■ In view of the disposition we make, it is unnecessary to consider and dispose of all the other points raised by the parties, although we are satisfied that the injunction petition filed by the injunction plaintiffs states a claim for relief. A petition is to be given a liberal construction. Mathews v. Pratt, 367 S.W.2d 632 (Mo. 1963).

■ Prohibition is the proper remedy. If there is an adequate remedy at law, injunction will not lie and the matter can be reached by prohibition. State ex rel. Phil-

---

2. In the event that there is no provision for judicial inquiry, the decision of an administrative body is reviewable by certiorari or other appropriate action and the reviewing court may " . . . hear such evidence . . . and . . . may determine whether such decision, . . . is unconstitutional, unlawful, unreasonable, arbitrary or capricious or involves an abuse of discretion; . . . and may order the administrative . . . body to take such further action as it may be proper to require; . . . " Rule 100.08(a).

lips v. Yeaman, 451 S.W.2d 115 (Mo.banc 1970). Since there is an adequate remedy at law by way of judicial review of the action of the County Council, there was no jurisdiction for the respondent to enter the restraining order or grant equitable relief, hence prohibition is proper. The function of the writ is to confine the lower court within its proper jurisdiction and to prevent it from acting without or in excess of its jurisdiction. State ex rel. Kubatzky v. Holt, 483 S.W.2d 799, 803 (Mo.App.1972).

The preliminary writ heretofore issued is therefore made absolute.

SMITH, P. J., and KELLY, J., concur.

GUNN, J., not participating.