**STATE ex rel. KEN REYNOLDS PHARMACIES, INC., a corporation, et al., Relators,**

v.

**Honorable Ben F. PYLE, Judge of the Circuit Court of Jasper County, Missouri, Respondent.**

**No. 60124.**

Supreme Court of Missouri, En Banc.

April 14, 1978.

Rehearing Denied April 28, 1978.

Ron Mitchell, Jon Dermott, Joplin, Don W. Kennedy, Nevada, for relators.

A. L. Shortridge, Joplin, for respondent.

BARDGETT, Judge.

This case was transferred by this court after opinion of the court of appeals, Springfield district, on application of respondent. Art. 5, sec. 10, Mo.Const., as amended 1970.

The case involves the prejudgment seizure of property by a secured creditor without the debtor having been given prior notice of the seizure or an opportunity to be heard. The court of appeals made absolute its writ of prohibition issued to respondent barring enforcement of his order of delivery in the replevin action out of which the case arose.

On November 3, 1973, Kenneth Reynolds and Betty Jo Reynolds, husband and wife, sold all the outstanding shares of Ken Reynolds Pharmacies, Inc., to J. D. Wilkinson and Marilyn R. Wilkinson, husband and wife, for $290,000. On the same day the Wilkinsons and Ken Reynolds Pharmacies, Inc., signed a promissory note in the amount of $169,218 with interest at 5% per annum, payable to the Reynolds. A payment schedule was set out in the promissory note. The parties also entered into a security agreement giving the Reynolds a security interest in "All drugs, cosmetics and other merchandise, stock and fixtures contained in or attached to the premises numbered 3126 and 3128 Main, Joplin, Missouri

[the address of the Ken Reynolds Pharmacy], and one 1971 GMC Van, Mfg. No. GS 105 U 111336 and one 1972 Chev. Coupe, Mfg. No. 1X27D 2 L129486" and "any and all additions, accessions, and substitutions thereto or therefor and proceeds thereof . . . .." A financing statement was also filed.

On September 11, 1975, Mrs. Reynolds, as sole owner and holder of the promissory note (Kenneth R. Reynolds died prior to this date) brought suit in replevin in the Circuit Court of Jasper County, Missouri, seeking possession of the items described in the security agreement. The petition alleged default in payment of the promissory note and breach of the security agreement by pledging the proceeds and assigning the accounts receivable to First National Bank and Trust Company of Joplin.

The affidavit of Mrs. Reynolds which accompanied the petition stated, in accordance with former Rule 99.01, that she was entitled to the property; that it was wrongfully detained by defendants (relators here); that it had an actual value of $100,000; that it had not been seized under any process, execution or attachment against her property; and that she would be in danger of losing the property unless it was taken out of the possession of relators or otherwise secured because defendants had attempted to assign an interest in the property and had pledged the proceeds of the stock, and also because the stock could be sold in the ordinary course of business free of her secured interest.

At the time of the suit the principal balance due on the note was $99,034. Ken Reynolds Pharmacies, Inc., a pharmacy, gift and variety store, doing business at 3128 Main, Joplin, Missouri, was an ongoing business with annual sales at approximately $800,000.

Respondent held an ex parte hearing on September 11, 1975, at which Mrs. Reynolds and her attorney appeared. The relators were not notified. Mrs. Reynolds testified to matters tending to support the allegations made in her petition and the items sworn to in her affidavit. Respondent found Mrs. Reynolds to be in danger of losing the property as security for the note. He ordered the sheriff to take possession of the property to the value of $100,000 and deliver it to Mrs. Reynolds. He also approved her bond in the amount of $200,000.

On that same day, September 11, 1975, the sheriff took possession of the property in question by placing a guard in supervision for five hours, but before delivery, relators filed a redelivery bond in the amount of $200,000. By letter dated September 17, 1975, the clerk of the Jasper County circuit court was informed by the bonding company purportedly bound by the redelivery bond that the bond was not valid. On October 6, 1975, the sheriff, at the request of Mrs. Reynolds took possession of the property. While in custody, payments for merchandise and on account were collected by the sheriff. On the 7th of October, the receipts collected the day before were turned over to relators' attorney pursuant to the preliminary writ of prohibition issued by the court of appeals.

Respondent did not order relators to provide a new and valid bond, nor did he issue a new order directing the sheriff to take the property. The seizure of October 6, 1975, was made under the original order of September 11, 1975, without notice or an opportunity to be heard. Relators immediately sought relief from respondent but were advised that a hearing could not be held before October 17, eleven days later. It was at this time that relators sought and received a preliminary writ of prohibition from the court of appeals which was made absolute on March 10, 1977. In the meantime, relators prepared and on October 9, 1975, filed an answer to the petition denying any default under the promissory note or violation of the security agreement. Relators also sought $50,000 actual and $25,000 punitive damages in their counterclaim based on wrongful and tortious replevin and injury to their business reputation.

The court of appeals found respondent's order of delivery void because the ex parte hearing conducted by respondent did not comply with the due process requirements

for notice and an opportunity to be heard enunciated in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and *State ex rel. Williams v. Berrey*, 492 S.W.2d 731 (Mo. banc 1973).

■ As relators operate an ongoing business, they could suffer severe hardship and possible financial ruin if forced to relinquish possession of the drugs, merchandise or fixtures of the pharmacy while awaiting a hearing or trial and possible appeal. The same would be true if the sheriff collected the daily receipts and payments on account. Under such circumstances, relators have no adequate remedy by trial and appeal and prohibition is thus proper. See *State ex rel. Berbiglia, Inc. v. Randall*, 423 S.W.2d 765, 770 (Mo. banc 1968).

■ The parties in their briefs and on oral argument concentrated almost exclusively on the constitutional issues, namely, the standards required by the due process clauses of the United States and Missouri constitutions for prejudgment seizure of property by a secured creditor. It is not necessary that these issues be decided in order to resolve this case. As pointed out in *City of St. Louis v. Missouri Commission on Human Rights*, 517 S.W.2d 65, 71 (Mo. 1974), and *City of St. Joseph v. Christgen*, 513 S.W.2d 458, 459 (Mo.1974), constitutional questions should be decided only if essential to a proper resolution of the case. This principle is especially applicable here where new rules covering actions in replevin have been adopted substantially changing the procedure surrounding a replevin action. (See new Rule 99, Replevin, consisting of 99.01 to 99.15, effective December 1, 1977.)

■ Rule 99.09, as it existed prior to December 1, 1977, and during the proceedings before respondent in 1975, provided: "If the court should in like time be satisfied that the bond of the defendant shall not be good and sufficient, *a like order shall be made that the defendant give a new bond*, with good and sufficient sureties, within such time as the court in such order shall direct; and upon his failing to comply with such order the *court shall make a further order that the proper officer retake the property* and deliver it to the plaintiff, and that the defendant deliver the same to the officer therefor, and the answer or other pleadings, if any, of the defendant be stricken out, and render such judgment for the plaintiff as the court may by law render against the defendant and his sureties." (emphasis supplied.)

As noted supra, the surety company purportedly bound under relators' redelivery bond notified the clerk of the Jasper County Circuit Court by letter dated September 17, 1975, that the bond was invalid. Under these circumstances former Rule 99.09 required that the court order relators to give a new bond and if they did not comply within the time set by the court, the court was required to "make a further order" that the sheriff take the property and deliver it to Mrs. Reynolds.

In the present case, respondent neither ordered a new bond be given nor did he issue a second or "further order" that the sheriff take and deliver the property to Mrs. Reynolds. In absence of either of these orders, the sheriff could not proceed against the property. The writ of prohibition was properly issued and made absolute because the rules in effect at that time did not permit enforcement of the first order of delivery dated September 11, 1975. This result is supported by former Rules 99.08 and 99.10. Rule 99.08 required a procedure similar to Rule 99.09 should the plaintiff's delivery bond be found to be void. The court was instructed to order the plaintiff to give a new bond, or if none was given to "make a further order" that the sheriff retake the property and deliver it to the defendant. Clearly, two orders are also contemplated by former Rule 99.08.

Former Rule 99.10 concerned the execution of the second order entered pursuant to former Rules 99.08 or 99.09. The clerk was directed to deliver to the proper officer the order so that the property could be delivered to the proper party. The order was to "be directed and executed in like manner as an order for the taking and delivery of property to the plaintiff in the first in-

stance, and shall be served on the party having the property, as other orders."

The language of former Rule 99.09, as well as former Rules 99.08 and 99.10, would be meaningless and inconsistent if not construed to require another court order after the bond has been determined to be invalid. On this basis, this court finds that delivery of the property to Mrs. Reynolds was improper without a second order directing the proper officer to deliver the property. Thus, respondent was properly prohibited from enforcing his first order of delivery issued September 11, 1975.

For the foregoing reasons, the preliminary writ of prohibition is made absolute.

All of the Judges concur.