Peter W. TUFFLI, Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF the WENTZVILLE R–4 SCHOOL DISTRICT, Defendant-Respondent.

No. 42097.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1980.

Gail Donnelly Bader, St. Louis, for plaintiff-appellant.

Paul F. Niedner, St. Charles, for defendant-respondent.

CLEMENS, *Senior Judge.*

Plaintiff Peter W. Tuffli sought review of the termination of his employment as a teacher by the defendant Wentzville (St. Charles County) school district. He filed a notice of appeal in the circuit court of St.

Louis County. The issue to be determined here is which circuit court, St. Louis County or St. Charles County, has jurisdiction of plaintiff's petition for review.

By his petition plaintiff pleaded he was a resident of St. Louis County, and was relying on a provision of the general Administrative Procedure and Review Statute, Section 536.110.3, V.A.M.S.[1], vesting permissible jurisdiction in the county of his residence.

Defendant school district moved to dismiss the appeal on the ground plaintiff had failed to file a timely notice of appeal "as prescribed by Section 168.120 M.R.S." in St. Charles County, where defendant school district is located. That statute gives a teacher the right to appeal the school board's decision "to the circuit court of the county where the employing school district is located".

■ The basic issue is which of the two statutes controlled the trial court's jurisdiction. The Legislature has the right to declare that specific circuit courts have "exclusive jurisdiction on appeal from the orders of administrative agency". *State ex rel. State Tax Commission v. Luten*, 459 S.W.2d 375[1] (Mo.banc 1970). A specific statute prevails over a general one. *State, etc. v. Dickherber*, 576 S.W.2d 532[1] (Mo. banc 1979). And to the extent two statutes providing for administrative review conflict, the special statute will prevail over the general statute, particularly where the special statute was, as here, enacted later than the general statute. *Laughlin v. Forgrave*, 432 S.W.2d 308[1] (Mo.banc 1968).

■ We hold Section 168.120 did, and Section 536.110 did not, govern plaintiff's petition for review. The proper place for plaintiff's action, as the trial court held, was in St. Charles County, not in St. Louis County.

This brings us to the issue of proper disposition of this appeal.

Defendant school district had moved the trial court to dismiss plaintiff's appeal on the ground plaintiff had not filed a timely petition for review in the circuit court of St. Charles County.

The trial court entered the following order: "Defendant's motion to dismiss sustained in part. Cause of action is dismissed in St. Louis County without prejudice to plaintiff's right to refile this cause of action in St. Charles County." Although plaintiff appealed from that order, the defendant school district did not. We affirm the trial court's judgment as entered, dismissing plaintiff's cause of action in St. Louis County, but we do not pass on the plaintiff's right to refile his cause of action in St. Charles County since that issue is not before us.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.

1. Statutory references are to RSMo. 1978.