STATE ex rel. Honorable Gene
McNARY, et al., Relators,

v.

Honorable Samuel J. HAIS, Associate
Circuit Judge, St. Louis County,
Respondent.

No. 65426.

Supreme Court of Missouri,
En Banc.

May 15, 1984.

Supplemental Dissenting Opinion on
Denial of Rehearing June 19, 1984.

Gerald A. Rimmel, Morton I. Golder, Thomas W. Wehrle, County Counselor, James H. White, Associate County Counselor, Clayton, for relators.

James F. Mauze, Donald J. Mehan, John Q. Masteller, Clayton, for respondent.

PER CURIAM:

This is prohibition.

On March 3, 1983, relator, St. Louis County Council, authorized the issuance of a conditional use permit for the operation of a sanitary land fill in North St. Louis County. Twenty-nine days later, plaintiffs, Citizens Opposed to New Halls Ferry Sanitary Land Fill, petitioned the Circuit Court seeking review of the St. Louis County Council's decision. Relators, St. Louis County Council and subsequent intervenors, filed separate motions to dismiss, arguing that the Circuit Court lacked jurisdiction because of § 49.230, RSMo 1978, which provides in pertinent part: "Appeals from the decisions, findings or orders of *county courts* of a *quasi-judicial nature* * * * shall be made within *ten days* from the date of the decision, findings or order * *."* (Emphasis supplied.) Respondent overruled relators' motions. Relators sought, and were denied, a writ of prohibition from the Court of Appeals. Relators petitioned for the same relief in this Court, which entered a provisional rule in prohibition.

Chapter 536, RSMo 1978, contains the general provisions for review of administrative agency determinations. Section 536.100, RSMo 1978, provides:

Any person who has exhausted all administrative remedies provided by law * * * shall be entitled to judicial review thereof, as provided in section 536.100 to 536.-140, *unless* some *other provision for*

*judicial review* is provided by statute; * * *. (Emphasis supplied.)

*Accord* Rule 100.01. Section 536.110, RSMo 1978, provides a thirty day statute of limitations for appeals from administrative decisions. Relators argue that § 536.110 is inapplicable. Rather, they contend that § 49.230 applies because it constitutes an "other provision for judicial review" as provided in § 536.100. Thus, the essential questions on appeal are whether § 49.230 applies to county council actions (as opposed to county courts) and if so, then whether the St. Louis County Council's decision was of a "quasi-judicial nature."

██ Examining § 49.230, we presume that the legislature did not intend to enact an absurd law, *State ex rel. Safety Ambulance Service, Inc. v. Kinder,* 557 S.W.2d 242 (Mo. banc 1977), and we favor a construction that avoids unjust or unreasonable results. *Maryland Casualty Co. v. General Electric Co.,* 418 S.W.2d 115 (Mo. banc 1967). While most Missouri counties are governed by county courts, St. Louis County has chosen to become a charter county governed by a county council. Although § 49.230 refers solely to county courts, it has been applied to the determinations of county councils when it is manifest that the General Assembly intended such an application. *In re the Incorporation of the City of River Bend,* 530 S.W.2d 704 (Mo.App.1975). While a "county council is not a county court under another name," *Schmoll v. Housing Authority of St. Louis County,* 321 S.W.2d 494, 498 (Mo.1959), the St. Louis County Council "is charged with the duties normally performed by the county court in most counties." *State v. Champ,* 393 S.W.2d 516, 521 (Mo. banc 1965). When a county council makes a determination that would normally be made by a county court in a non-charter county, the county council and the county court serve in the same capacity and no distinction can be drawn between them. *River Bend, supra.* In such a case we believe the legislature intended to include the decisions of the county council within the purview of § 49.230. *Id.* How-

ever, when a county council makes a determination that would not normally be made by a county court, § 49.230 is inapplicable and the administrative review provisions of Chapter 536 control.

■ In the case at hand the St. Louis County Council authorized the issuance of a conditional use permit. Had St. Louis County been a non-charter county, the permit would have been issued by a county court pursuant to § 64.281.3, RSMo 1978. Thus, the St. Louis County Council acted as would a county court in a non-charter county. Consequently, § 49.230 applies to the St. Louis County Council's decision. We turn then to the question whether its decision was of a quasi-judicial nature.

■ Quasi-judicial is "[a] term applied to the action * * * of public administrative officers or bodies, who are required to investigate facts, or ascertain the existence of facts, hold hearings, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature." Black's Law Dictionary 1121 (5th ed. 1979); *State ex rel. State Highway Commission v. Weinstein*, 322 S.W.2d 778, 784 (Mo. banc 1959); 1 Am. Jur.2d *Administrative Law* § 161 (1962); 50 C.J.S. *Judicial* 562–65 (1947). In *State ex rel. Police Retirement System of City of St. Louis v. Murphy*, 359 Mo. 854, 224 S.W.2d 68 (banc 1949), this Court found the Board of Trustees of the Police Retirement System to be a quasi-judicial tribunal because it was "authorized upon a hearing to find and determine fact issues." *Id.*, 359 Mo. at 858, 224 S.W.2d at 70. Likewise, in *Liechty v. Kansas City Bridge Co.*, 162 S.W.2d 275 (Mo.1942), this Court noted that the Missouri Workmen's Compensation Commission was vested with the quasi-judicial powers of applying the law to its findings of fact. In the case at hand the St. Louis County Council examined the facts and exercised its discretion in making findings of fact and applying the law to those facts. Thus, the St. Louis County Council's decision was of a quasi-judicial nature. [*Accord Allison v. Washington County*, 24 Or.App. 571, 548 P.2d 188 (1976), where

the Oregon Court of Appeals found the issuance of a conditional use permit to be a quasi-judicial action.]

Respondent argues, however, that pursuant to *State ex rel. St. Louis County v. Jones*, 498 S.W.2d 294 (Mo.App.1973), the St. Louis County Council's decision was administrative, not quasi-judicial. We disagree. The Eastern District in *Jones*, in distinguishing between legislative and administrative actions, noted that while "[t]he enactment of a comprehensive zoning ordinance is a legislative function * * * [a] determination by the [County] Council to grant or withhold a conditional use permit is administrative in nature and must be made reasonably and not arbitrarily." *Id.* at 299. The *Jones* court was not confronted with the issue of whether the issuance of a conditional use permit constituted a quasi-judicial action. Seven years later, however, the Eastern District was faced with this issue in *In the Matter of Alpha Portland Cement Co. v. The Missouri Department of Natural Resources*, 608 S.W.2d 451 (Mo.App.1980). There the court relied on *Jones* to resolve the issue in the affirmative: "*Jones* * * * disposes of respondents' contention that the issuance of the [conditional use] permit was a legislative, not a 'quasi-judicial,' act as contemplated by § 49.230." *Id.* at 454 n. 1. As did the Eastern District in *Alpha Portland*, we disagree with respondent's interpretation of *Jones*.

■ Respondent's final contention is that relief by writ of prohibition is inappropriate because relators have an adequate remedy at law by way of appeal. This Court has recently advised that we will "not continue the unfettered use of the writ of prohibition to allow interlocutory review of trial court error." *State ex rel. Morasch v. Kimberlin*, 654 S.W.2d 889, 891 (Mo. banc 1983). It is well-established that "prohibition cannot be substituted for appeal." *State ex rel. Vogel v. Campbell*, 505 S.W.2d 54, 58 (Mo. banc 1974). However, "the right of appeal must be a full and adequate remedy before its availability will preclude resort to prohibition." *Id.;*

*State ex rel. Berbiglia, Inc. v. Randall,* 423 S.W.2d 765, 770 (Mo. banc 1968).

"The chief purpose of the writ [of prohibition] is to prevent the lower court from acting without or in excess of its jurisdiction." *State ex rel. St. Louis County v. Stussie,* 556 S.W.2d 186, 188 (Mo. banc 1977). As noted above, we have determined that § 49.230 applies to the St. Louis County Council's decision. Because plaintiffs did not appeal within the ten-day period the Circuit Court lacked jurisdiction over the appeal. *Hartzfeld v. Taylor,* 207 Mo. 236, 105 S.W. 599 (1907); *Sidwell v. Jett,* 213 Mo. 601, 112 S.W. 56 (1908).

> Where * * * the [circuit] court is wholly wanting in jurisdiction to proceed in the case, *appeal is not an adequate remedy* because any action by the court is without authority and causes unwarranted expense and delay to the parties involved. (Emphasis supplied.)

*State ex rel. T.J.H. v. Bills,* 504 S.W.2d 76, 79 (Mo. banc 1974); *see State ex rel. Ken Reynolds Pharmacies, Inc. v. Pyle,* 564 S.W.2d 870 (Mo. banc 1978). Relators do not have adequate remedy by way of appeal.

The provisional rule in prohibition is made absolute.

WELLIVER, GUNN, BILLINGS and DONNELLY, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

RENDLEN, C.J., and HIGGINS, J., dissent and concur in separate dissenting opinion of BLACKMAR, J.

BLACKMAR, Judge, dissenting.

I am unable to concur in the per curiam opinion.

The sole question in this case is which statutory time limit governs the taking of an appeal from the action of a County Council in granting a conditional use permit. When the legislature has fixed a definite time for appeal the time limit must be complied with and those who do not take the required steps in time forfeit the right to challenge the action which aggrieves them. *Lucitt v. Toohey's Estate,* 338 Mo. 343, 89 S.W.2d 662, 664 (1935); *In re In Interest of T___ G___,* 455 S.W.2d 3, 9 (Mo.App.1970). Our courts recognize that, when construing statutes, consideration must be given to statutes involving similar or related subject matter which may shed light upon the meaning of the statutes being construed. *State ex rel. Spink v. Kemp,* 365 Mo. 368, 283 S.W.2d 502 (1955). Basic rules of statutory construction, furthermore, dictate that a specific statute will prevail over a general one. *Tuffli v. Board of Education of Wentzville,* 603 S.W.2d 77, 78 (Mo.App.1980).

The appellant in the present controversy must decide at his peril whether § 49.230, RSMo 1978 which provides a review procedure for "quasi-judicial" decisions of a county court prevails over the appeal procedures appearing within § 536.110, RSMo 1978. Insofar as the per curiam holds that St. Louis County Council is properly treated as a county court in granting a conditional use permit, I agree.[1] But I cannot agree with the per curiam to the extent that it holds that § 49.230 is necessarily the controlling statute for purposes of appeal.

The per curiam cites § 64.281.3, RSMo 1978 for the proposition that a conditional use permit would have been issued by a county court in a county which has not adopted a charter. This proves too much. If Chapter 64, dealing with zoning, applies,

---

1. Historically, county courts were vested only with the authority to grant permits in cases involving existing non-conforming uses, that is, conforming uses in existence at the time a county's zoning ordinances and regulations were enacted. *See State ex rel. The Town of Olivette v. American Telephone and Telegraph Co.,* 280 S.W.2d 134, 137 (Mo.App.1955) and *State ex rel. Field v. Randall,* 308 S.W.2d 637, 640 (Mo.1958);

which both hold that county courts have no authority to grant special use permits or privileges.

In 1959, however, the legislature amended Chapter 64, RSMo, to grant county courts the express authority to issue special use permits. Section 64.281.3, RSMo 1978 (L.1959 S.B. 309 § 14).

then we are confronted with the provisions of § 64.281.4, RSMo 1978, reading as follows:

Any person aggrieved by any decision of the county board of zoning adjustment, or of the county court, or of any officer, department, board of bureau of the county, may present to the circuit court having jurisdiction in the county in which the property affected is located, a petition in the manner and form provided by section 536.110, RSMo.

The statute just quoted reflects into § 536.110.[2] To the extent that two statutes providing for administrative review conflict, the special statute will prevail over the more general one, particularly when the specific statute is the more recent. *Tuffli v. Board of Education, supra*, at 78.

My conclusion is consistent with Judge Nugent's opinion in *Ford v. Boone County*, 654 S.W.2d 169 (Mo.App.1983) (transfer to the Supreme Court denied Aug. 16, 1983). In *Ford*, plaintiffs appealed from an order of the circuit court dismissing their petition challenging a zoning order by the county court. The plaintiffs had filed their petition twenty days after the county court's rezoning order, and the circuit court held that their petition was barred by § 49.230, RSMo 1978. On appeal, plaintiffs asserted that § 64.870.2, RSMo 1978 specifically provided for relief for parties aggrieved by zoning decisions of a county court.

The Court of Appeals in holding that the thirty-day period for appeal provided in § 536.110 applied, stated that:

Obviously, § 64.870.2 does not provide a specific time period in which review may be sought. Nevertheless, in *State ex rel.*

*Day v. County Court of Platte County*, 442 S.W.2d 178 (Mo.App.1969), this court ruled at 182 that because § 64.660 (the section providing nearly identical review procedures for zoning decisions in class two and class three counties) provides no time limit for filing a petition, "it is not a complete provision for review," and must be read in conjunction with the Administrative Procedure Act (Chapter 536), specifically § 536.110, providing for the filing of a petition within thirty days of notice of an agency's final decision....

*Id.* at 171. Neither party in the present controversy brought the provisions of § 64.281.4 to this Court's attention, but we must nevertheless bring all applicable law to bear on the question whether the parties seeking to appeal have lost their right to do so.[3]

The right of appeal should be clearly specified. The courts should not set procedural traps for the unwary. *Brinkerhoff-Faris Trust & Savings Company v. Hill*, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107 (1930), *reversing* 323 Mo. 180, 19 S.W.2d 746 (1929). *See also* the opinion in *Alpha Portland Cement Co. v. Missouri Department of Natural Resources*, 608 S.W.2d 451, 453–54 (Mo.App.1980) which amply illustrates the confusion of the lower courts in determining the applicable time limit. Perhaps a prudent lawyer, confronted with confusing or conflicting provisions, should comply with the shortest time period that arguably applies, but this is not a complete answer. The lawyer who finds a provision that is ostensibly sufficient should be able to rely on it. The legislature has provided such a provision in § 536.110, as reinforced by § 64.281.4, which is necessarily meant to have some meaning. Application of

---

**2.** Section 64.281.4, RSMo 1978 was added to Chapter 64 in 1959, at the same time that our legislature granted authority to county courts to issue special permits and uses. *See* L.1959 S.B. 309 § 14.

**3.** The Court of Appeals in *Ford*, acknowledged that "the determination of facts in regard to the rezoning of a particular tract is arguably quasi-judicial." *Id.* at 170 n. 2. Because of the Court's holding as to the applicability of § 49.-

230 to zoning matters, however, the Court did not decide this point.

In the present controversy, the per curiam opinion directs a substantial portion of its discussion to whether or not the County Council's action was of a "quasi-judicial" nature. Conceding that the County Council's action was of a quasi-judicial nature, the significant question then becomes whether § 49.230 or § 536.110 controls the time of appeal from that action.

§ 64.281.4 seems to me to be the most appropriate conclusion. In any event its applicability seems fairly arguable, and a party relying on it should not be defaulted.

I would quash the provisional rule and would allow the appeal to proceed on the merits.

## SUPPLEMENTAL DISSENTING OPINION ON MOTION FOR REHEARING

In Suggestions in Opposition to the respondent's Motion for Rehearing it is suggested that § 64.281.4 is "extraneous" in that it is contained in a portion of the statutes which apply only to counties of the first class without a charter form of government. This argument has superficial appeal but overlooks the proposition enunciated in many cases that related statutes may be looked to as an aid in statutory construction. *State ex rel. Rhodes v. Crouch,* 621 S.W.2d 47 (Mo. banc 1981); *State ex rel. Spink v. Kemp,* 365 Mo. 368, 283 S.W.2d 502 (1955). We now have the anomalous situation in which a decision which was not made by a county court is subject to review under a statutory provision relating to county courts, whereas appeals from zoning orders made by county courts are reviewable under § 536.110.

I also believe that the Court acted in an inconsistent manner in denying transfer of *Ford v. Boone County,* 654 S.W.2d 169 (Mo.App.1983) in August of 1983, while then granting the provisional rule in this case in October of 1983 and then reaching the result as set out in the per curiam.