The Honorable Margaret Kelly, CPA State Auditor State Capitol Building, Room 224 Jefferson City, Missouri 65101
This opinion is in response to your question asking:
 If a lawsuit brought against a political subdivision and its governing body is resolved pursuant to a settlement agreement, may the settlement agreement be made a closed record, especially with respect to terms and conditions of the settlement agreement that obligate the political subdivision to pay public monies to private individuals?
You have informed us that the settlement agreement about which you are concerned was entered into and approved by the court in August, 1985. Section 610.025, RSMo Supp. 1984, the applicable law at the time of the settlement agreement, stated in part:
 610.025. Closed meetings authorized, when. — 1. Any meeting, record or vote pertaining to legal actions, causes of action, or litigation involving a public governmental body, leasing, purchase or sale of real estate where public knowledge of the transaction might adversely affect the legal consideration therefor may be a closed meeting, closed record, or closed vote. (Emphasis added.)
Pursuant to this section, the settlement agreement about which you are concerned could be made a closed record.
The law, as it existed in August 1985, did not include a provision requiring public governmental bodies to release closed records after any particular period of time. However, in 1987 the legislature amended Chapter 610, RSMo, commonly known as the "Sunshine Law." Subsection 1 of Section 610.021, RSMo Supp. 1987, as enacted in 1987, provides:
 610.021. Closed meetings and records authorized, when — exceptions, parents and guardians to certain scholastic records and public access to certain personnel records. — Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following:
 (1) Legal actions, causes of action or litigation involving a public governmental body and any confidential or privileged communications between a public governmental body or its representatives and its attorneys. However, any vote relating to litigation involving a public governmental body shall be made public upon final disposition of the matter voted upon provided however, in matters involving the exercise of the power of eminent domain, the vote shall be announced or become public immediately following the action on the motion to authorize institution of such a legal action. Legal work product shall be considered a closed record; (Emphasis added.)
In addition, in 1987 the legislature included a broad policy statement to aid construction. Such statement is set forth in Section 610.011, RSMo Supp. 1987, which provides:
 610.011. Liberal construction of law to be public policy. — 1. It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.
 2. Except as otherwise provided by law, all public meetings of public governmental bodies shall be open to the public as set forth in section 610.020, all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in sections 610.023 to 610.026, and all public votes of public governmental bodies shall be recorded as set forth in section 610.015.
The new statute requires that "any vote relating to litigation involving a public governmental body shall be made public." If strictly construed, this language might indicate that only the number of votes cast for and against an unnamed proposition need be made public. The legislative policy statement prohibits such a narrow construction. "The standard rule of construction calls for a statute to be given a reasonable interpretation in light of the legislative objective." BCI Corporation v. Charlebois Construction Co.,673 S.W.2d 774, 780 (Mo. banc 1984). For a vote to be truly "public," a citizen examining the records of the public governmental body is entitled to know as much as if he observed the vote being taken in a public meeting. The word "vote," as used in Section 610.021(1), RSMo Supp. 1987, should be understood to include the proposition voted upon, any matter or material incorporated or referred to within the proposition, and a means of discerning how each member of the public governmental body cast his vote, all of which would be available to someone attending a public meeting. Therefore, Section 610.021(1), RSMo Supp. 1987, when read in conjunction with Section 610.011, RSMo Supp. 1987, is sufficiently broad to require public governmental bodies to disclose agreements made to settle litigation.
The next problem arises with the timing of disclosure. The statute provides that the disclosure shall occur "upon final disposition of the matter voted upon." The word "matter" may refer either to the proposition before the public governmental body or to the litigation itself. The effect of adopting the former construction would be to require the public governmental body to disclose the "vote," as that term is used in the preceding paragraphs, immediately after the "ayes" and "nays" are tallied. Although releasing news of a settlement agreement immediately after the public governmental body votes to accept a proposal may not compromise the litigation, there are other matters related to litigation which, if released to the public, could significantly prejudice the conduct of legal action. For example, the instruction "Offer him $500, but we are willing to pay $1,000," if made public, would seriously compromise the ability of a public governmental body to reach a favorable settlement. Because the statute speaks to more than settlement agreements, we interpret the statute as adopting the alternative construction, which would enable the public governmental body to prevent disclosure of all discussions, proposals and votes until the disposition of the litigation between the parties. Therefore, we conclude that Section 610.021(1), RSMo Supp. 1987 requires disclosure of matters related to litigation only at the conclusion of the litigation between the parties.
The question remains, however, as to whether the new statute applies to settlement agreements made before September 28, 1987, the effective date of the new statute. At the outset, we note that nothing in the revisions of 1987 expressly states that the new language shall apply retroactively. As a general rule, statutes are presumed to operate prospectively "unless the legislative intent that they be given retroactive operation clearly appears from the express language of the act or by necessary or unavoidable implication." Lincoln Credit Co. v.Peach, 636 S.W.2d 31, 34 (Mo. banc 1982), appeal dismissed,459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983);Department of Social Services v. Villa Capri Homes, Inc.,684 S.W.2d 327, 332 (Mo. banc 1985).
As further evidence of the legislature's intent to have Section 610.021, RSMo Supp. 1987 apply only prospectively, we note that if Section 610.021, RSMo Supp. 1987 was applied retroactively, a governmental body could be placed in a position where it would be required by law to violate the terms of the settlement agreement and become liable for the breach of the agreement. The legislature is presumed not to have intended an unreasonable result. State ex rel. McNary v. Hais, 670 S.W.2d 494,495 (Mo. banc 1984). The law must be applied prospectively so that such an unreasonable result cannot occur.
CONCLUSION
It is the opinion of this office that settlement agreements entered into by public governmental bodies prior to September 28, 1987 as a final disposition to a legal action could have been closed and may remain closed subsequent to September 28, 1987, which is the effective date of the revised Sunshine Law; however, settlement agreements entered into subsequent to September 28, 1987 are to be made public at the conclusion of the litigation pursuant to Section 610.021(1), RSMo Supp. 1987.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General