Dear Representative Ribaudo:
This opinion letter is in response to your question asking:
 Under Section 184.352 (10) of SCS HCS HB 116 et al., which defines "Special election," may the Metropolitan Zoological Park and Museum District request an election on November 7, 1989 for the purpose stated in the bill, or must there be an additional or pre-existing ballot measure involving the voters of St. Louis City and St. Louis County?
Subsection 10 of Section 184.352 as enacted by Senate Committee Substitute for House Committee Substitute for House Bills Nos. 116, 117 and 34, 85th General Assembly, First Regular Session (1989) (hereinafter "House Bills Nos. 116, 117 and 34") to which you refer in your question, provides:
 "Special election" as used herein shall mean an election held on the first Tuesday of April or whenever propositions are submitted to the voters of the whole district;
We note that the definition of "special election" set forth in Section 184.352 of House Bills Nos. 116, 117 and 34 is substantially the same as that contained in Section 184.352
when it was first enacted in 1969. See Laws of Missouri, 1969, Third Extra Session, page 97.
Section 115.123, RSMo Supp. 1988, sets forth the permissible dates for holding public elections. With certain exceptions, the dates specified in such section are "the general election day, the primary election day, the municipal primary day, municipal general election day, the first Tuesday after the first Monday in February, except in presidential election years, March, June, August, or November or with an election or another day expressly provided by city or county charter." Section 115.123.1, RSMo Supp. 1988. Section 115.125, RSMo 1986, requires with certain exceptions the officer or agency calling an election to notify the election authorities responsible for conducting the election not later than 5:00 p.m. on the eighth Tuesday prior to any election.
We do not interpret subsection 10 of Section 184.352
as requiring there to be an additional or pre-existing ballot measure involving the voters of St. Louis City and St. Louis County. The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. Wolff Shoe Company v. Director ofRevenue, 752 S.W.2d 29, 31 (Mo. banc 1988). Applying this rule to the language of Section 184.352, the section does not require an additional or pre-existing ballot measure.
In addition, because the Metropolitan Zoological Park and Museum District is required to provide notice of a proposed election to the appropriate election authorities by the eighth Tuesday prior to an election, the same time as notice is required to be provided by other entities calling an election on the same election date, the district cannot receive advance notice of other proposed ballot measures in every instance.[1] It is not reasonable to assume the legislature intended to subject the district to this uncertainty in setting its election dates. The courts presume the legislature did not intend to enact an absurd law and favor a construction that avoids unjust and unreasonable results. State ex rel. McNary v. Hais,670 S.W.2d 494, 495 (Mo. banc 1984).
It is the opinion of this office that subsection 10 of Section 184.352 does not require there to be an additional or pre-existing ballot measure before the Metropolitan Zoological Park and Museum District can submit a proposition at a special election.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] In some instances, the district may be required to provide notice to the election authorities prior to the eighth Tuesday before an election. See, for example, Section 184.353.4(1) of House Bills Nos. 116, 117 and 34 which provides in part, "such election officials shall give legal notice at least sixty days prior to such general, primary or special election . . . ."